*230 Honorable Claude R. Kirk, Jr.
Governor of Florida
The Capitol
Tallahassee, Florida
Dear Governor:
We have the honor to acknowledge your communication of November 7, 1969, requesting our opinion upon a question affecting your executive powers and duties as authorized by Section 1(c), Article IV, Florida Constitution.
Omitting the formal parts, your letter reads as follows:
“According to the provisions of Section lc, Article IV, Constitution of 1968, the Governor is authorized to request the opinion of the Justices of the Supreme Court as to the interpretation of any portion of the Constitution upon any question affecting the Governor’s executive powers and duties.
“Under the provisions of Section la, Article IV, the Governor is required to, ‘commission all officers of the state and county;’ and, under the provisions of Section If, Article IV, the Governor is required to fill vacancies in state or county offices,
‘ * * * for the remainder of the term of an elective office if less than twenty-eight months, otherwise until the first Tuesday after the first Monday following the next general election.’
“Since the adoption of the Constitution of 1968, I have exercised the power of appointment mentioned in Section 1, Article IV, supra, to fill vacancies in judicial offices. In addition, from time to time, vacancies have occurred and will continue to occur necessitating my compliance with Section 1 of Article IV.
“Under the provisions of Section 14 of Article V, Constitution of 1968, the terms for filling vacancies in judicial offices is prescribed as follows:
‘When the office of any judge shall become vacant from any cause, the successor to fill such vacancy shall be appointed or elected only for the unexpired term of the judge whose death, resignation, retirement, or other cause created such vacancy.’
“It is my understanding that this Court had occasion to construe and interpret conflicting provisions of the Florida Constitution of 1885 in determining the length of the term of persons appointed to fill judicial vacancies (Gray v. Bryant, 138 [125] So.2d 846). However, it is my further understanding that the Constitution of 1968 omits several provisions formerly contained in the Constitution of 1885 dealing with this question and which had a direct bearing upon this Court’s decision in the Gray case. It appears, therefore, that the only two provisions presently contained in the Constitution of 1968 relating to the length of the term of persons filling vacancies in state and county (judicial) offices are those found in Section If, Article IV, supra, and Section 14, Article V, supra.
“In view of what appears to be a conflict between Section If, Article IV, supra, and Section 14, Article V, supra, with respect to the length of the term of an appointee filling a judicial vacancy, it is necessary that I receive clarification of my executive *231 authority to appoint and issue commissions for such offices. I, therefore, have the honor to request your written opinion on substantially the following questions:
“1. When a vacancy occurs in a judicial office, necessitating a gubernatorial appointment, am I required to appoint and commission persons filling such vacancies for the unexpired term of such office or until the first Tuesday after the first Monday following the next general election if such unexpired term is more than twenty-eight months?
“2. Would there be any distinction between judicial offices created by the Constitution and judicial offices created by statute insofar as the filling of vacancies and the length of term of appointees are concerned ?
“3. If a vacancy occurred in the position of State Attorney or Public Defender, would I be authorized to appoint a successor for the unexpired term or until the first Tuesday after the first Monday following the next general election if such unexpired term is more than twenty-eight months?”
The previous decisions of this Court holding that in all appointments to fill a vacancy in a circuit judgeship, the commission should be to the first Tuesday after the first Monday in January following the next ensuing general election (Advisory Opinion to Governor, 96 So.2d 541; Gray v. Bryant, 125 So.2d 846) construed the following provisions of Fla.Const., 1885:
“When any office, from any cause, shall become vacant, and no mode is provided by this Constitution or by the laws of the State for filling such vacancy, the Governor shall have the power to fill such vacancy by granting a commission for the unexpired term.” (Emphasis supplied) Art. IV, Sec. 7.
“The term of office for all appointees to fill vacancies in any of the elective offices under this Constitution shall extend only to the first Tuesday after the first Monday in January next after the election and qualification of a successor.” Art. XVIII, Sec. 6.
The Court in Gray v. Bryant, supra, stated that Art. IV, Sec. 7, Fla.Const., 1885, was intended to operate as a catchall and where there were other pertinent provisions in the Constitution and Statutes it was not to be operative. Therefore, Art. XVIII, Sec. 6, Fla.Const., 1885, controlled.
Art. IV, Sec. 7 and Art. XVIII, Sec. 6, Fla.Const., 1885, have been replaced by Art. IV, Sec. 1(f), Fla.Const., 1968, which provides as follows:
"When not otherwise provided for in this constitution, the governor shall fill by appointment any vacancy in state or county office for the remainder of the term of an appointive office, and for the remainder of the term of an elective office if less than twenty-eight months, otherwise until the first Tuesday after the first Monday following the next general election.” (Emphasis supplied)
It is expressly provided that the appointment shall be made in the manner provided for in the Constitution, as the former provisions in Fla.Const., 1885, authorizing an appointment in a manner provided “by the laws of the State” have been eliminated.
The only other provision in Fla.Const., 1968, relating to appointments to fill vacancies in office relates to the judiciary and is found in Art. V, Sec. 14. This reads:
“When the office of any judge shall become vacant from any cause, the successor to fill such vacancy shall be appointed or elected only for the unexpired term of the fudge whose death, resignation, retirement, or other cause created such vacancy.” (Emphasis supplied)
*232 Previous decisions of the Court have been concerned with Art. XVIII, Fla.Const., 1885, which has been eliminated, and various statutes which could be considered under the expressed provisions of former Art. IV, Sec. 7, Fla.Const., 1885. These decisions are no longer applicable.
In answer to question No. 1, Art. V, Sec. 14, Fla.Const., 1968, requires you to appoint and commission persons filling a vacancy in a judicial office for the unexpired term “of the judge whose death, resignation, retirement, or other cause created such vacancy.”
In answer to your second question, there is no distinction between judicial offices created by the Constitution and Judicial offices created by Statute insofar as the filling of vacancies and the length of term of appointees are concerned. Art. V, Sec. 1, Fla.Const., 1968, authorizes the Legislature to “ordain and establish” other courts in which the judicial power of the State of Florida is vested. Art. V, Sec. 14, Fla.Const., 1968, is applicable to such courts.
If a vacancy occurs in the position of a State Attorney or Public Defender, you would be authorized to appoint a successor for the remainder of the term if less than twenty-eight months, otherwise until the first Tuesday after the first Monday following the next general election. The provisions of Art. IV, Sec. 1(f), Fla. Const., 1968, are applicable to this situation.
Very respectfully,
RICHARD W. ERVIN,
Chief Justice,
B. K. ROBERTS,
E. HARRIS DREW,
VASSAR B. CARLTON,
JAMES C. ADKINS, Jr.,
JOSEPH A. BOYD, Jr.,
Justices.