SUPREME COURT OF FLORIDA
Tallahassee
32304
September 17, 1970
Honorable Claude R. Kirk
Governor of Florida
The Capitol
Tallahassee, Florida 32304
Dear Governor:
By letter submitted pursuant to Fla.Const. art. IV § 1(c) (1968) [F.S.A.] you have requested the advice of the Justices with reference to two questions regarding your executive powers and duties under the Constitution.
*248 Under the same section and in accord with rules promulgated pursuant thereto we have received briefs and heard oral arguments which have been of assistance in our resolution of the problems.
Omitting the formal parts, your inquiry reads as follows:
“Under the provisions of Section 1(a), Article IV, the Governor is required to, ‘commission all officers of the state and county;’ and, under the provisions of Section 1(f), Article IV, the Governor is required to fill vacancies in state and county offices. Section 14 of Article V, Constitution of 1968, relates to the terms of judicial vacancies and provides as follows :
“ ‘Vacancies in office of judge, how filled. — When the office of any judge shall become vacant from any cause, the successor to fill such vacancy shall be appointed or elected only for the unexpired term of the judge whose death, resignation, retirement, or other cause created such vacancy.’
“On December 8, 1969, this Honorable Court issued an Advisory Opinion to the Governor construing the foregoing provisions of Section 14 to require that insofar as judicial offices are concerned, appointments to and commissions for any judicial vacancy would be ‘for the unexpired term of the judge whose death, resignation, retirement or other cause created such vacancy.’ (229 So.2d 229)
“Under the provisions of Section 3, Article I, Constitution of Florida, ‘a vacancy in office shall occur upon the creation of an office * * * ’ This Court may take judicial notice of the fact that a new federal census has been taken and the of-, ficial figures will soon be released at which time vacancies will automatically be created in the office of circuit judge in numerous judicial circuits throughout the State. (See Gray v. Bryant, 125 So.2d 846 [Fla.]) Clarification of my executive authority to appoint and issue commissions for such vacancies is necessary in order to properly discharge my constitutional duty in filling such offices. Although this Court in Advisory Opinion to the Governor, supra, concluded that appointments to fill judicial vacancies would be for the unexpired term insofar as filling the vacancies created by the new census in the office of circuit judge is concerned, I am in doubt as to the proper construction of the phrase, ‘unexpired term.’ Accordingly I have the hon- or to request your written opinion on substantially the following question:
“ ‘When an automatic vacancy occurs in a judicial office as a result of certification of the federal census, am I required to appoint and commission persons filling such vacancies for the ‘unexpired term’ of six years or until the first Tuesday after the first Monday in January, 1973’?
“In addition to the foregoing circumstances, it is also necessary that I receive a clarification of my executive authority to appoint and issue a commission for the vacancy created by the resignation submitted by the Honorable Hal Dekle, a Circuit Judge of the Eleventh Judicial Circuit in and for Dade County, Florida. The resignation was submitted pursuant to the provisions of Chapter 70-80, Laws of Florida, which this Court recently construed in Holley v. Adams, Case No. 39816, June 26, 1970 [238 So.2d 401].
“In view of this opinion and this Court’s Advisory Opinion, supra, I have the honor to request your written opinion on substantially the following question:
“ ‘Is the vacancy created by the resignation submitted by Judge Hal Dekle pursuant to Chapter 70-80, Laws of Florida, required to be filled by gubernatorial appointment as are other vacancies as indicated by this Court in Advisory Opinion to the Governor at the time such vacancy becomes effective or should such vacancy be filled by a general election in 1970 ?’ ”
*249 You are advised that upon official certification of the results of the 1970 federal census the then incumbent Governor will be authorized to fill additional circuit judgeships created thereby for a term which will expire on the first Tuesday after the first Monday in January 1973. The terminal date for these appointments is controlled by the terminal date of the cycle fixed by the Constitution. Fla.Const. art. V § IS provides in part:
“Circuit judges shall be elected by the qualified electors of their respective judicial circuits as other state and county officials are elected. * * * Election of circuit fudges shall be held in the year 1960 and every six years thereafter. * * * ” (Emphasis added).
By the last quoted provision the Constitution established a fixed six year cycle for the election of circuit judges beginning with the year 1960. The cycle expires every six years.
In Gray v. Bryant, 125 So.2d 846 (Fla.1960) this Court held that the provisions of Fla. Const, art. V § 6(1) and (2) are self-executing. When a federal census is officially certified then the numerical formula of one circuit judge for every major fraction of fifty thousand circuit inhabitants is automatically applied. The then incumbent Governor is authorized to fill the additional judgeships, if any, by appointment.
Fla.Const. art. V § 14 provides:
“ ‘Vacancies in office of judge, how filled. — When the office of any judge shall become vacant from any cause, the successor to fill such vacancy shall be appointed or elected only for the unexpired term of the judge whose death, resignation, retirement, or other cause created such vacancy.’ ”
By In re Advisory Opinion, 229 So.2d 229 (Fla.1969) you were advised that vacancies in the office of a judge shall be filled for the unexpired term remaining in the judicial position to be filled. As pointed out above the “unexpired term” of a vacant cir-cult judgeship is the remainder of the six year cycle fixed by Fla.Const. art. V § 15. While Fla.Const. art. V § 14 governs the length of term of one elected or appointed to fill a judgeship, it does not regulate the method. On the other hand Fla.Const. art. IV § 1(f) does make provision for a gubernatorial appointment to fill a vacancy. It provides:
“ ‘When not otherwise provided for in this constitution, the governor shall fill by appointment any vacancy in state or county office for the remainder of the term of an appointive office, and for the remainder of the term of an elective office if less than twenty-eight months, otherwise until the first Tuesday after the first Monday following the next general election.’ ” (Emphasis added.)
When Fla.Const. art. V § 14 and art. IV § 1(f) are read together, as they must be if possible, it becomes clear that when a vacancy occurs in a circuit judgeship it is filled by appointment by the Governor for the balance of the six year cycle applicable to the judgeship to be filled. Hence, you are advised that commissions to fill additional judgeship created by the 1970 census shall run until the end of the current cycle, the first Tuesday after the first Monday in January 1973. Art. IV § 1 (f) authorizes the executive appointment but as to a circuit judgeship art. V § 14 fixes the term for which the appointment is made.
In answer to your second inquiry you are advised that a successor to Judge Hal Dekle should be elected at the general election in 1970. This is so because no actual vacancy in the office ever occurs within the contemplation of the constitutional provisions heretofore cited. This happens because Judge Dekle’s surrender of the office under Laws of Florida (1970) Ch. 70-80 takes effect simultaneously with the election of his successor at the general election 1970.
Laws of Florida (1970) Ch. 70-80, § 1(2), requires the resignation of the holder of an *250 office “the term of which or any part thereof runs concurrent to the term of” another office to which he seeks election. The statute then provides :
“ ‘ * * * Said resignation shall be effective not later than the date upon which he would assume office, if elected to the office to which he seeks to qualify, or the expiration date of the term of the office which he presently holds, or the general election day at which his successor is elected, whichever occurs earlier. With regard to elective offices said resignation shall create a vacancy in said office thereby permitting persons to qualify as candidates for nomination and election to that office, in the same manner as if the term of such public officer were otherwise .scheduled to expire; * * (Emphasis added.)
Under the quoted statute a successor to Judge Dekle will take office simultaneously with the effectiveness of his resignation. Hence, no vacancy occurs to activate the constitutional executive power of appointment. “Vacancy” in the sense used in this statute means the same as the ending of a term. When a term ends the office becomes “vacant” to the extent that it must be filled by election, or, if no one seeks the office by election, then by executive appointment. Here, the statute ends the tenure of the incumbent holder of the office but it also provides for the election of a successor, who succeeds to the office at the precise moment that the resignation of the incumbent takes effect. Therefore, the circuit judgeship currently held by Judge Hal Dekle should be filled at the 1970 general election rather than by executive appointment.
Respectfully,
RICHARD W. ERVIN, Chief Justice
B. K. ROBERTS,
E. HARRIS DREW,
CAMPBELL THORNAL,
VASSAR B. CARLTON,
JAMES C. ADKINS,
JOSEPH A. Boyd, Justices.