313 So.2d 717 (1975)
In re ADVISORY OPINION TO the GOVERNOR, Request of February 25, 1975 (Sarasota County Tax Collector).
No. 46974.
Supreme Court of Florida.
March 20, 1975.
*718 Arthur C. Canaday, Tallahassee, for Governor Reubin O'D. Askew.
Richard E. Nelson of Nelson, Stinnett, Surfus, Payne, Hesse & Cyril, Sarasota, and John R. Lawson, Jr. of Holland & Knight, Tampa, for Board of County Commissioners of Sarasota County.
Honorable Reubin O'D. Askew
Governor, State of Florida
The Capitol
Tallahassee, Florida 32304
Dear Governor Askew:
We have the honor to acknowledge your communication of February 25, 1975, requesting our advice pursuant to Section 1(c), Article IV, Florida Constitution, 1968 Revision, and Rule 2.1(h), Florida Appellate Rules, relating to certain executive powers and duties.
Omitting the formal parts, your letter reads as follows:
"Due to the sudden passing of the Tax Collector in Sarasota County, a question has arisen as to the authority for the filling of the vacancy in this office. Article IV, Section 1(f) of the Florida Constitution, states as follows:
"(f) When not otherwise provided for in this constitution, the governor shall fill by appointment any vacancy in state or county office for the remainder of the term of an appointive office, and for the remainder of the term of an elective office if less than twenty-eight months, otherwise until the first Tuesday after the first Monday following the next general election.
"Sarasota County, however, has a Home Rule Charter in effect and it is the position of the Board of County Commissioners *719 that this Charter, pursuant to Article VIII, Section 1(d), of the Florida Constitution, validly authorizes the filling of the vacancy in the Tax Collector's office by the Board of County Commissioners. The only applicable section of the County Charter dealing with vacancies in county office delineates the authority of the Charter Review Board and includes the following sentence:
"`The Review Board shall also fill vacancies as they occur in all elected county offices, providing the remaining term is fourteen months or less, otherwise a special election will be held to fill the vacancy.'
"It is the feeling of this office that the issue can be divided into two separate questions. The threshold and more far-reaching question concerns construction of the Governor's appointing authority under the Constitution. Article IV, Section 1(f), clearly lodges the mandatory duty to fill vacancies in all state and county offices in the Governor and draws into question the above provision of the County Charter. The Board of County Commissioners, on the other hand, takes the position that Article VIII, Section 1(d) of the Constitution breathes validity into the charter provision. Article VIII provides that the county offices named therein shall be elected, except when a county charter provides that the officer `may be chosen in another manner.'
"It is clear that Article VIII allows a county by charter to provide that county offices may be appointed, for instance, rather than elected for the four year term named therein. (The Sarasota County Charter, however, opted to continue the elective status of these offices. See Article II, Section 2.2, Sarasota County Home Rule Charter.) The key question is whether, in giving charter counties an opportunity to provide for appointive rather than elective terms of office, Article VIII is addressing itself also to the very different question of filling vacancies in unexpired terms covered by Article IV, Section 1(f) of the Constitution.
"The Sarasota County Charter clearly separates the two functions of (1) the normal selection process by election or appointment of county officers to succeed each other at the end of the normal four-year term and (2) the filling of unexpired terms by the fortuitous occurrence of a vacancy in office through death of the incumbent or other unforeseen circumstances. The Charter takes totally different approaches to the carrying out of these two functions. It is my contention the Florida Constitution makes the same distinction in its approach to these functions.
"Should this Court hold that the Sarasota Charter provisions with regard to the filling of vacancies are constitutionally valid, a second issue arises as to whether the Governor has a role in the contingency presented here since this Charter seems to be silent as to the particular facts raised by the Tax Collector's death. There are more than fourteen months and less than twenty-eight months remaining in the unexpired term of the office. While the Charter provides for a special election in such circumstances, it is silent on the question of filling the vacancy during the weeks and perhaps months preceding the special election.
"In consonance with their position in this matter, the Board of County Commissioners of Sarasota County last week appointed Mrs. Jane Folds to the vacancy in the office of Tax Collector. The Governor's Office advised the county that it was our intention to appoint a successor and indicated the person to be appointed. The Board maintained its position, stating that any appointee of the Governor other than Mrs. Folds would be unacceptable. The Board was agreeable, however, to having the Governor appoint its nominee, Mrs. Folds, in *720 order to bring the matter to the Supreme Court. Mrs. Folds has been appointed and commissioned by the Governor's Office for purposes of keeping this vital county office open and operating during the period the question is considered by the Supreme Court. Mrs. Folds has agreed to step down if the Charter provisions are found unconstitutional by the Court.
"In view of the above urgent circumstances, I therefore submit the following question for your early consideration:
DOES ARTICLE IV, SECTION 1(F) OF THE FLORIDA CONSTITUTION AUTHORIZE THE GOVERNOR TO FILL BY APPOINTMENT A VACANCY IN A COUNTY OFFICE AUTHORIZED UNDER A HOME RULE CHARTER PROVIDING FOR THE FILLING OF SUCH A VACANCY, OR DOES THE CHARTER PROVISION COME WITHIN THE GRANT OF AUTHORITY OF ARTICLE VIII, SECTION 1(D) OR ANY OTHER PROVISION OF THE FLORIDA CONSTITUTION THEREFORE VALIDATING ITS PROVISIONS AS TO VACANCIES? IF IT IS VALID, WHO IS THE APPOINTING AUTHORITY IN THIS CASE, WITH PARTICULAR REFERENCE TO THE PERIOD PRIOR TO THE SCHEDULING OF A SPECIAL ELECTION PURSUANT TO THE CHARTER?"
Upon receipt of your request for advisory opinion relative to your executive powers and duties, this Court entered an interlocutory order finding that the questions propounded were answerable and requesting that briefs be filed by interested parties.
We respond to the first question in the affirmative and find that Article IV, Section 1(f), Florida Constitution, does authorize you to appoint the Tax Collector in Sarasota County due to the vacancy created in that office by the demise of the Tax Collector.
Article IV, Section 7, Florida Constitution (1885) providing:
"When any office, from any cause, shall become vacant, and no mode is provided by this Constitution or by the laws of the State for filling such vacancy, the Governor shall have the power to fill such vacancy by granting a commission for the unexpired term."
was replaced by Article IV, Section 1(f), substantially variant in language, from its predecessor, which provides:
"When not otherwise provided for in this constitution, the governor shall fill by appointment any vacancy in state or county office for the remainder of the term of an appointive office, and for the remainder of the term of an elective office if less than twenty-eight months, otherwise until the first Tuesday after the first Monday following the next general election."
It is now expressly provided that the appointment to fill a vacancy shall be made in the manner provided for in the Constitution. In re Advisory Opinion to the Governor, 229 So.2d 229 (Fla. 1969). We do not agree with the Board of County Commissioners of Sarasota County that Article VIII, Section 1(d), Florida Constitution, stating:
"COUNTY OFFICERS. There shall be elected by the electors of each county, for terms of four years, a sheriff, a tax collector, a tax assessor, a supervisor of elections, and a clerk of the circuit court; except, when provided by county charter or special law approved by vote of the electors of the county, any county officer may be chosen in another manner therein specified, or any county office may be abolished when all the duties of the office prescribed by general law are transferred to another office. When not otherwise provided by county charter or *721 special law approved by vote of the electors, the clerk of the circuit court shall be ex officio clerk of the board of county commissioners, auditor, recorder and custodian of all county funds."
provides an alternative constitutional procedure for the filling of vacancies in the office of the County Tax Collector. Article VIII, Section 1(d), provides that the sheriff, tax collector, tax assessor, supervisor of elections and clerk of the circuit court be elected by the electors of each county but contains the proviso that alternatively another manner than election for the selection of these officers may be provided for by a county charter or special law. The language of this constitutional provision to which the proviso attaches does not deal with vacancies in office but rather deals with the filling of the office for a specified term. This Court has consistently held that the purpose of a proviso is not to enlarge or extend the act or section of the Constitution of which it is a part, but is a limitation on the language employed therein, and will be construed strictly and limited to the objects fairly within its terms. The Charter for Sarasota County does not provide for an alternative manner of choosing the Tax Collector but rather contains the following provision:
"ELECTED OFFICERS. There shall be a Sheriff, a Tax Assessor, a Tax Collector and a Supervisor of Elections, elected for terms of four years. They shall perform those duties prescribed by ordinance and those duties required to be performed by all the constitutional sheriffs, tax assessors, tax collectors and supervisors of elections, respectively, in the state."
Evidencing the fact that the question of vacancies in the Constitution is treated separately from the question of normal elections, we note that in the Article of the Constitution relating to the Legislature, the Constitution of Florida separately deals with the election of Senators and members of the House, and the filling of vacancies which may arise. Article III, Section 15.
Further, we find that this Court's earlier decision in In re Advisory Opinion to the Governor, 116 So.2d 425 (Fla. 1959), decided prior to the 1968 amendment to Article IV, Section 1(f), is inapplicable to the question now posited in view of the variance in the circumstances. See Article VIII, Section 11, Florida Constitution (1885)  Dade County Home Rule Charter, and Article VIII, Section 6(e), Constitution of Florida (1968).
Previously relative to this Dade County Charter, this Court in Dade County v. Young Democratic Club of Dade County, 104 So.2d 636 (Fla. 1958), opined:
"It follows that in the exercise of legislative power granted by the Charter, the electors of Dade County were prohibited from infringing on the supremacy of the Florida Constitution and the general laws of Florida `except as expressly authorized' by specific grants of power given them by Section 11, Article VIII of the Constitution, relating to home rule in local affairs for Dade County. The `specific grants' involved here are contained in paragraphs (1) and (a) above."
It is therefore our opinion that the exception to the provision for election of county officers cannot enlarge the meaning of the provision to which it applies to encompass vacancies; and, accordingly, in the absence of constitutional provision, derogating from your power under Article IV, Section 1(f), we find that you are authorized to fill the subject position of Tax Collector in Sarasota County.
 Respectfully,
 JAMES C. ADKINS
 B.K. ROBERTS
 JOSEPH A. BOYD, Jr.
 DAVID L. McCAIN
 HAL P. DEKLE
 BEN F. OVERTON
 ARTHUR J. ENGLAND, Jr.