545 F.2d 509
 15 Fair Empl.Prac.Cas. 1166,
13 Empl. Prac. Dec. P 11,389
Rose RENFRO, Individually and on behalf of all others
similarly situated, Plaintiff-Appellee,
v.
OFFICE AND PROFESSIONAL EMPLOYERS INTERNATIONAL UNION, LOCAL
277, AFL-CIO, Defendant-Appellant.
 No. 75-2498.
 United States Court of Appeals,
Fifth Circuit.
 Jan. 17, 1977.
Rehearing and Rehearing En Banc Denied Feb. 28, 1977.
 
 Sam H. Clinton, Jr., Austin, Tex., for defendant-appellant.
 Thomas H. Dixon, Dallas, Tex., for plaintiff-appellee.
 Appeal from the United States District Court for the Northern District of Texas.
 Before BROWN, Chief Judge, and HILL and FAY, Circuit Judges.
 FAY, Circuit Judge:
 
 
 1
 In this case we must decide whether the United States District Court has subject matter jurisdiction over the claim of Plaintiff-Appellee, Rose Renfro, against the Office and Professional Employers Union, Local 277, AFL-CIO (hereafter Local 277), Defendant-Appellant, under Title VII, Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The district court held, inter alia, that Local 277 was a "labor organization" pursuant to 42 U.S.C. § 2000e(d) and (e) giving the court jurisdiction. The court below also found that Local 277 had committed an unlawful employment practice as provided in 42 U.S.C. § 2000e-2(c) (2) entitling Renfro to judgment on her claim. Local 277 appealed the findings of the district court and raised several issues. However, this court will only consider the threshold issue of whether the lower court has subject matter jurisdiction of this cause of action. Upon consideration of this issue only, we reverse.
 
 
 2
 The background to this case is both complicated and lengthy. Since we are limiting this decision to the issue of jurisdiction, we will limit the discussion of the facts to those relevant to that issue.
 
 
 3
 Local 277 is a collective bargaining representative of persons employed by businesses in and around Dallas, Texas. In particular, Local 277 represented Renfro pursuant to a collective bargaining agreement entered into with the Dallas AFL-CIO Council (hereafter the Council).
 
 
 4
 Rose Renfro was discharged,[1] reinstated through arbitration,[2] and discharged again[3] from her position with the Council. She was the only person employed by the Council. After her initial discharge, besides being reinstated under the arbitration agreement obtained for Renfro by Local 277, Renfro was awarded back wages. Six months' wages were withheld from the settlement check pursuant to the maternity leave provision of the collective bargaining agreement.[4] The provision mandates maternity leave of not less than six months. Due to her pregnancy during the period of discharge the Council deducted six months' wages from Renfro's award.
 
 
 5
 After the second discharge, again through Local 277, Renfro filed a grievance against the Council which was not pursued by Local 277. Eventually after following the procedures provided in 42 U.S.C. § 2000e et seq., Renfro filed suit in the district court against the Council alleging that the maternity leave provision of the collective bargaining agreement was illegal. The district court dismissed Renfro's claim because the Council was not an "employer" within the meaning of Title VII extinguishing the court's jurisdiction. Renfro subsequently filed suit against Local 277 under 42 U.S.C. § 2000e-2(c)(2) and 42 U.S.C. § 2000e-5.
 
 
 6
 Jurisdiction under Title VII, 42 U.S.C. § 2000e-2(c)(2) exists against "labor organizations" which commit unlawful employment practices. A " labor organization" is any organization ". . . in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, . . . or other terms or conditions of employment . . . ." 42 U.S.C. § 2000e(d). (Emphasis added). Congress has defined an "employee" as ". . . an individual employed by an employer . . .", 42 U.S.C. § 2000e(f), and also limited an "employer" to ". . . a person engaged in an industry affecting commerce who has fifteen or more employees . . .", 42 U.S.C. § 2000e(b). Since the Council employs only one individual it is not an "employer". For Local 277 to be a statutory "labor organization" it must deal with a statutory "employer". It is clear Local 277 does not meet this requirement and this Court must conclude that Local 277 is not a "labor organization" under the statute with respect to its dealings with the Council. Therefore the District Court lacks subject matter jurisdiction over Renfro's claim. See Weldon v. Board of Education of School District of City of Detroit, 403 F.Supp. 436 (E.D.Mich.1975).
 
 
 7
 For the foregoing reasons, the decision of the District Court is reversed and the cause is remanded for vacation of the judgment entered and dismissal.
 
 
 
 [1]
 July 14, 1970
 
 
 [2]
 June 29, 1971
 
 
 [3]
 July 13, 1971
 
 
 [4]
 June 28, 1971