**Patricia H. ROGERO, Plaintiff-Appellant,**

v.

**B.M. NOONE, Individually and as Putnam County Tax Collector, Defendant-Appellee.**

**No. 81–5576.**

United States Court of Appeals, Eleventh Circuit.

May 2, 1983.

Before GODBOLD, Chief Judge, HENDERSON and CLARK, Circuit Judges.

ALBERT J. HENDERSON, Circuit Judge:

The appellant, Patricia Rogero, sued her former employer, B.M. Noone, individually and as Putnam County Tax Collector, alleging that because of her pregnancy, she was wrongfully discharged in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (1976) (the Act) and 42 U.S.C. § 1983 (1976). The district court granted summary judgment for the defendant, concluding that Noone was exempt from liability because he was not an "employer" within the meaning of the Act. For reasons stated below, we affirm.

B.M. Noone was elected as Putnam County Tax Collector in January, 1972. Six months later, Patricia Rogero was hired as a clerk in his office. She learned in May, 1975 that she was pregnant and, although she suffered mild nausea and leg cramps, she continued to work until discharged by Noone in August, 1975. In her suit, she claims that her pregnancy was the reason for the termination. Noone does not recall the exact reason for her dismissal, but admitted that it was his predecessor's policy to fire pregnant women.

On September 30, 1975, Rogero filed a grievance with the Equal Employment Opportunity Commission (EEOC) and, upon receipt of a right to sue letter, she commenced this action pursuant to the provisions of 42 U.S.C. § 1983 (1976) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (1976). The complaint named only B.M. Noone, individually and as Putnam County Tax Collector, as defendant. As a defense Noone asserted that he was exempt from liability because he did not employ more than fifteen persons and was thus not an "employer" within the meaning of 42 U.S.C. § 2000e (1976).

Rodney W. Smith, Smith & Johnson, Alachua, Fla., for plaintiff-appellant.

Kate L. Walton, William L. Townsend, Jr., Palatka, Fla., for defendant-appellee.

**520**

Rogero then amended her complaint to allege that the Tax Collector was a component of Putnam County which employed in excess of fifteen workers, but failed to add the county as a defendant. She subsequently filed another amendment expanding her complaint to include a new count for a violation of the fourteenth amendment, directly actionable under 28 U.S.C. § 1343 (1976). In granting Noone's motion for summary judgment on the Title VII claim, the district court reasoned that "Putnam County is not a party before this Court and cannot be considered for jurisdictional purposes." The court also held that Rogero's § 1983 action was barred by the statute of limitations, but did not address the separate fourteenth amendment cause of action raised in Count III of the amended complaint.

 The sole issue on appeal[1] is whether a suit can stand against the Tax Collector as an agent of Putnam County or as a part of that political subdivision without making the county a party to the action. The district court held that because Noone had fewer than fifteen employees, he was "not an employer within the defini-

tion of 42 U.S.C. § 2000e, either individually or as Tax Collector, and thus, the plaintiff's Title VII action against Defendant Noone [could not] be maintained." Record at 44.[2] The parties agree that Noone, in his individual capacity, did not employ a sufficient number of workers to qualify as an "employer" for Title VII purposes. Nonetheless, the appellant argues vigorously that Noone's status should not be so narrowly construed, but that the Tax Collector should be characterized as an agent of Putnam County. Additionally, Rogero urges that she should be permitted to aggregate the total number of Putnam County workers in order to meet the requirement of fifteen or more employees. Logic would dictate, then, that Putnam County is the actual employer and hence, the real party in interest in this case. For whatever reason, however, the county was not made party to this action and that is the omission critical to our decision.[3] We agree with the district court that it is not appropriate to take a headcount of all county employees—strangers to this law suit—in determining whether the sole named defendant meets the jurisdictional requirement of numerosity.

1. As stated earlier, Rogero initially alleged two bases for discrimination, 42 U.S.C. § 2000e (1976) (as amended) and 42 U.S.C. § 1983 (1976). The defendant thereafter filed motions to dismiss and for summary judgment. In opposing the motion for summary judgment, Rogero addressed only whether the defendant was an employer or an agent of an employer within the meaning of 42 U.S.C. § 2000e(b). In his motion to dismiss the amended complaint, the defendant maintained only that the § 1983 claim was barred by the statute of limitations, and did not mention the constitutional claim contained in the new Count III. The district court granted summary judgment on the Title VII cause of action (Count I) and held that Count II, the § 1983 claim, was time-barred. The court apparently did not consider the third count of the amended complaint.

Rogero filed a general notice of appeal. Fed. R.App.P. 3. In her appellate brief, she designated as the only issue on appeal "whether the district court erred in refusing to treat the Putnam County Tax Collector as an agent of Putnam County or at least as a component of that political subdivision [within the meaning of § 2000e]." Her brief mentions neither the § 1983 charge nor the direct fourteenth amendment claim. In this posture, we can only as-

sume that she does not appeal the dismissal of Count II (the § 1983 cause of action) or the district court's failure to consider the purported fourteenth amendment violation in Count III. Consequently, those issues are deemed abandoned. *Wilson v. Taylor,* 658 F.2d 1021, 1023 n. 1 (5th Cir. Unit B 1981); *Harris v. Plastics Manufacturing Co.,* 617 F.2d 438, 440 (5th Cir. 1980).

2. Title 42 U.S.C. § 2000e(b) defines an employer as:

A person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person, . . . .

A "person" under 42 U.S.C. § 2000e(a) is: One or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under Title 11, or receivers.

3. *See,* Fed.R.Civ.P. 19 on joinder of persons needed for just adjudication.

In any event, the appellant insists that Noone, as an agent, is a proper defendant, thereby precluding the necessity of suing the county as well.[4] To support this contention, Rogero relies heavily on *Owens v. Rush,* 636 F.2d 283 (10th Cir.1980). In *Owens,* the court held that a sheriff who employed fewer than fifteen persons was an agent for the county and therefore an employer for Title VII purposes.[5] The critical distinction between that case and one before us is that in *Owens,* the plaintiff named not only the sheriff, but also the Board of County Commissioners and other political bodies as codefendants. Likewise, in *Vulcan Society v. Fire Department of White Plains,* 82 F.R.D. 379 (S.D.N.Y.1979), which held a district fire commission an agent of the city for Title VII purposes, both entities were parties to the suit. By contrast, in *Aguilera v. Cook County Merit Board,* 21 F.E.P. 731 (N.D.Ill.1979), the court did permit a Title VII suit against the county Police and Corrections Merit Board even though the county itself was not named in the complaint. That decision appears to be a minority view. The appellant has cited no binding precedent to support her position.

Taken as a whole, Rogero's argument is logically inconsistent. She relies on the agency relationship for purposes of numerosity but denies it, in essence, with respect to liability. Despite the fact that jurisdiction rests on the "borrowed" manpower strength of the county, the appellant has failed to join it as a party and has thus deprived Putnam County of a chance to defend against potential liability. Either the county has a stake in the outcome of this law suit, or it does not. The appellant cannot have it both ways by insisting that Putnam County is indispensible for jurisdictional purposes, but unnecessary for a resolution of the merits.

Although the scope of Title VII should be liberally construed, Congress did place certain limits on the broad sweep of the Act. Had Congress meant to remove all restrictions, the statutory definition of "employer" would not have been limited to legal entities employing fifteen or more persons.[6] We conclude that because the Tax Collector was not an employer within the meaning of the statute, the district court lacked jurisdiction to entertain the appellant's action.

Therefore, the district court did not err in granting summary judgment to the defendant.

The judgment of the district court is AFFIRMED.

CLARK, Circuit Judge, specially concurring:

While I would affirm the district court's grant of summary judgment in favor of appellee, I do so for reasons other than those stated in the majority opinion.

The majority implicitly holds that if appellant had joined Putnam County as a defendant, plaintiff's complaint would have stated a cause of action. In my view, nonjoinder of Putnam County does not determine whether Noone is or is not an agent of Putnam County. While courts in other jurisdictions have held a county liable for a political subdivision's breach of the statutory requirements of Title VII,[1] this must be

---

4. Perhaps joinder of the superior political entity, or principal, would be unnecessary in a case where the agent could independently meet the numerosity requirement. However, those are not the facts before us and we do not decide that question here.

5. We do not question that a sheriff or a tax collector can be an agent of the governing authority of the political subdivision that employs him, but that is not the issue here. Our concern is not whether an agency relationship actually existed between Noone's office and Putnam County. Our inquiry is whether the county must be joined in order to meet the mini-

mum number of employees required by the statute.

6. *Cf. Owens,* 636 F.2d at 284, where the court stated, "[i]t is true that Congress maintained a fifteen-employee limitation in Title VII, and that this limitation is jurisdictional." *See also Renfroe v. Office and Professional Employers Int'l Union, Local 277,* 545 F.2d 509 (5th Cir. 1977).

1. *Owens v. Rush,* 636 F.2d 283 (10th Cir.1980); *Vulcan Society v. Fire Department of White Plains,* 82 F.R.D. 379 (S.D.N.Y.1979). *But see*

determined by the law of the state in which the county lies. While 42 U.S.C. sec. 2000e(b) (1981) defines an employer to include the responsible person and "any agent of such a person," the section gives no guidelines for determining the agency relationship. It seems logical that a person should not be liable for Title VII derelictions of another as agent unless the person has some supervisory control over the "agent." Such control would be indicated if the terms of employment such as pay, hours, and benefits are fixed by the "employer" rather than by the "agent." Other facts that assist in making a judgment would be the source of funds for salaries and wages, whether the employees of the two parties have a common pension fund, and whether the employees are subject to a common civil service employment and grievance policy. In a case such as this, inquiry must be made into the constitution and laws of the state to determine the relationship between the county and the political subdivision of the county.

I conclude from the Florida constitutional and statutory scheme and the facts in this case that Noone was not an agent of the county within the terms of the federal statute. The office of tax collector in Florida is created by the constitution of that state, Fla. Const. art. 7, sec. 1(d). The tax collector receives his commission from the governor of Florida, and in the case of the death of a tax collector a vacancy in the office is filled by the governor and not by the county commissioners. *See In re Advisory Opinion to the Governor*, 313 So.2d 717 (Fla. 1975). The law of Florida makes the tax collector of each county an arm of the state Department of Revenue. *See* Title XIII, *Taxation and Finance*, commencing at chapter 192 of the Florida Statutes, 1975. *See also* Fla.Stat. 195.002, *et seq.*, 1975, for the description of the supervisory powers by the Department of Revenue of tax collectors. The amount of money necessary for operating a tax collector's office and the amount and type of expenditures are prescribed in

*Aguilera v. Cook County Merit Board*, 21 F.E.P. 731 (N.D.Ill.1979).

the budget submitted by the tax collector to the Department of Revenue, over which the county has no authority. *See* Fla.Stat. 195.-087. The lack of authority of a board of county commissioners over the operation of a tax collector's office is described in Advisory Opinion 076-173 (Aug. 19, 1976) of the Florida Attorney General and is exemplified by a portion of the opinion as follows:

> As to tax collector fee officers in noncharter counties, the board of county commissioners is without statutory authority to expend any part of the excess fees of the office of county tax collector or any county funds under its control for the purpose of equipping and maintaining the offices of a tax collector fee officer, and it possesses no statutory authority, and is not charged with any statutory responsibility or duty, to equip and maintain the office of a tax collector fee officer. Rather, the annual budget established by tax collector fee officers should provide for all items of expense including operating capital outlays or equipment.

*Annual Report of the Attorney General* (1976), p. 326.

Appellant argues that the tax collector in Florida is simply one part of the operation of the particular county government involved. She also argues that the employees of the tax collector's office, like other county employees, are members of the state retirement plan, which is provided by Florida statutes and made applicable to all state and county employees. She further points out that the employees of the tax collector are participants in the Putnam County group health and life insurance plan. However, appellant presents no other facts or law to support a conclusion that the board of county commissioners of Putnam County bore any responsibility with respect to fixing the salaries, wages, hours, qualifications, and the myriad other employment policies that go into a determination of who is or is not employed or discharged by the tax collector of Putnam County.[2] Given

2. Fla.Stat. 125.01 prescribes the powers and duties of a county government and grants a

these facts and the law of Florida, I conclude that the tax collector of Putnam County is not an agent of that county within the terms of the federal statute previously cited.

I construe the majority opinion to mean that if there is a future Title VII case against the tax collector of Putnam County or any tax collector in Florida who has less than 15 employees and the plaintiff joins the board of county commissioners as a defendant, the plaintiff employee would have a cause of action under Title VII. Since I do not agree that joinder or nonjoinder is the determinative factor, I have written separately.

county the power to: "(u) Create civil service systems and boards."

Fla.Stat. 112.042(1) states:

It shall be against the public policy of this state for the governing body of any county or municipal agency, board, commission, department, or office, solely because of the race, color, sex, religious creed, or national origin of any individual, to refuse to hire or employ, to bar, or to discharge from employment such individuals or to otherwise discriminate against such individuals with respect to compensation, hire, tenure, terms, conditions, or privileges of employment, if the individual is the most competent and able to perform the services required.

In the present case, appellant has offered no evidence with respect to whether Putnam County has a civil service commission. Its existence or nonexistence and the relationship of the tax collector's employees to such a commission, if it does exist, would help determine whether the county should be liable.