The Honorable Enid D. Earle Supervisor of Elections Post Office Drawer 2545 Fort Myers, Florida 33902
Dear. Mrs. Earle:
You have asked my opinion on the following questions:
 1. When a constitutional officer has submitted a letter to the Governor resigning the office prior to the end of the term for which he or she was elected, can that resignation be rescinded at any time before the effective date of the resignation?
 2. Does the Governor have the option to accept or refuse the letter rescinding the resignation?
Based upon the following analysis, it is my opinion that a county constitutional officer may, under certain conditions, rescind his resignation before the effective date of such resignation.
The Supreme Court of Florida, in In re Advisory Opinion to the Governor, 158 So. 441, 442 (Fla. 1934), considered whether a county officer could withdraw his resignation prior to the effective date of the resignation. The case involved a clerk of the circuit court who had sent a letter of resignation to the Governor on December 7, 1934, such resignation to be effective on January 1, 1935. On the date of receipt of such resignation, the Governor wrote in his own handwriting at the bottom of the resignation letter, "accepted," and transmitted the resignation to the Secretary of State.
The Governor then appointed another individual to fill the office of clerk, such appointment to take effect on January 1, 1935. The Governor transmitted such appointment to the Secretary of State for the purpose of having a commission issued to the office of clerk and returned to the Governor for signature. The commission, however, was never signed by the Governor.
On December 24, 1934, the clerk wrote the Governor, purporting to withdraw his resignation. In considering whether the clerk could withdraw his resignation, the Court stated:
 [I]f under lawful circumstances the incumbent files a written withdrawal of his resignation before the Governor grants a commission to a successor appointee and before the effective date of the resignation, such bona fide withdrawal operates ordinarily to prevent the office from becoming vacant to be filled by the granting of a commission by the Governor. This is so since the office does not "become vacant" until the date the resignation becomes effective; and a vacancy can be filled only by granting a commission to an appointee; and until a commission is granted to a successor appointee, or until the effective date of the resignation, the Governor may not have cause to refuse a withdrawal of the resignation. . . .[1]
Pursuant to s. 1, Art. IV, State Const., the Governor shall commission all officers of the state and counties.[2]
In a more recent decision of the Supreme Court, Spector v. Glisson, 305 So.2d 777 (Fla. 1974), the Court concluded that in light of the definition of "vacancy" now contained in the 1968 Constitution,[3] an effective resignation created a present vacancy to be filled. Responding to the argument that a resignation in futuro could easily be withdrawn, the Court stated that there is a division of authority on this subject, dependent upon the actual or particular facts involved.[4] Where, however, the officer's resignation (in Spector, the resignation of a Supreme Court Justice) was made unconditional and left no way for withdrawal and where the resignation was made in the context of mandatory retirement, the Court dismissed such concerns as more imagined than real.
Further, in In re Advisory Opinion of the Governor Request of September 6, 1974, 301 So.2d 4, 6 (Fla. 1974), the Court stated:
We recognize that a vacancy does not occur until the date upon which the office actually becomes vacant. In re Advisory Opinion to the Governor, . . . 158 So. 441, 442 (1934), with the exception of those circumstances establishing artificial vacancies created by the resign-to-run law, . . . and the circumstance which created the Mr. Justice Ervin vacancy, Spector v. Glisson. . . . In both of these exceptions the electorate had ample time to fill the vacancy in an appropriate election process, and the effective date of the vacancy coincided with the commencement of the terms of other judicial officers elected during the same elective process.
In the absence of judicial clarification of this issue, I cannot state that the decision of the Supreme Court in In re Advisory Opinion to the Governor, 158 So. 441 (Fla. 1934), regarding withdrawal of a resignation, is no longer valid. Accordingly, in response to your questions, I can only refer to the conclusions of the Court reached in that case which stated that a county officer may withdraw his resignation before the effective date of such resignation provided that a commission has not yet been granted to a successor appointee and that prior to the granting of a commission signed by the Governor or the effective date of the resignation, the Governor "may not have cause to refuse a withdrawal of the resignation."[5]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See also, Civil Service Board, City of Fort Lauderdale v. Carter, 363 So.2d 858, 859 (4 D.C.A.Fla., 1978), wherein the district court, citing the 1934 Supreme Court advisory opinion, stated:
 [T]he Florida Supreme Court expressed the view that an elected county officer who had transmitted his written resignation for acceptance by the governor could rescind such resignation by written withdrawal at any time before the effective date of the resignation. There appear to be some exceptions to the above rule. For example, in those instances in which an individual has resigned pursuant to the resign-to-run law, s. 99.012, F.S., such officer may not withdraw his resignation. See, In re Advisory Opinion to the Governor, 239 So.2d 247 (Fla. 1970).
[2] See, Ch. 113, F.S., providing for the issuance of commissions. Cf., s. 14, Art. IV, State Const. 1885, assigning the responsibility for commissioning all state and county officers to the Governor.
[3] Section 3, Art. X, State Const., provides that a "[v]acancy in office shall occur upon the creation of an office, upon the death of the incumbent or his removal from office, resignation, succession to another office. . . ."
[4] The Court cited to American Jurisprudence 2d. See, 63A Am.Jur.2d Public Officers and Employees s. 175 discussing the division of authority as to whether a public officer may withdraw his resignation and stating in part:
 A number of courts have stated that a contingent or a prospective resignation by a public officer can be withdrawn at any time before it is accepted, and after it is accepted, it may be withdrawn, with the consent of the authority accepting, where no rights have intervened. . . . However, where acceptance of a resignation has been regarded as an immaterial factor, it has been held that a prospective resignation by a public officer may be withdrawn by him at any time before the date when his resignation is to take effect, despite the fact that it has already been accepted by the person or group authorized to fill the vacancy.
[5] 158 So. at 442.