[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 31, 2006
THOMAS K. KAHN
CLERK

No. 05-13695
Non-Argument Calendar
_____

D. C. Docket No. 03-00282-CV-ODE-1

LEOPOLD O.V. ENWONWU,

Plaintiff-Appellant,

versus

TRANS UNION, LLC,
d.b.a. Trans Union Consumer Relations,
EQUIFAX INFORMATION SERVICES, L.L.C.,
WINDING RIVER VILLAGE CONDOMINIUM ASSOCIATION,
INC.,
ALAN ARMSTRONG,
JOYCE WEEMS,
RICHARD M. HOWE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 31, 2006)**

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

Leopold O.V. Enwonwu owned a condominium in a development subject to the articles and bylaws of the Winding River Village Condominium Association, Inc. In October of 1996, Winding River filed suit against him in state court, seeking $6,639 in unpaid association dues and other damages. The state court dismissed the action for lack of jurisdiction in January of 1997. However, Trans Union, LLC, listed the claim as a judgment against Enwonwu in his consumer credit report, which it published to various entities.

In February of 1997, Winding River filed suit against Enwonwu on the same claims in the appropriate state court. Enwonwu counterclaimed and Winding River filed a motion to dismiss the counterclaims. In February of 1998, the state court entered a judgment of $19,555 against Enwonwu. The judgment encompassed the $6,639 sought by Winding River in its initial action.

In February of 2002, Richard M. Howe, counsel for the board of directors for Winding River, filed a summons of continuing garnishment against Enwonwu in state court, seeking to recover the February of 1998 judgment. Shortly thereafter, Howe voluntarily dismissed the action. However, Equifax Information Systems, LLC, included the garnishment in Enwonwu's credit report, which it

2

published to various entities.

In 2001 and 2002, Enwonwu sought to purchase real property in three unrelated transactions. Two of these transactions failed to close due to Enwonwu's inability to obtain satisfactory financing. The other transaction closed but Enwonwu had to accept a high interest rate.

In December of 2002, Enwonwu requested copies of his credit reports from Trans Union and Equifax. He discovered the listing of the $6,639 judgment in his Trans Union report and informed the company that he had a dismissal order related to that suit. In January of 2002, Trans Union sent Enwonwu a letter, stating that it had verified the accuracy of the $6,639 judgment and would not remove it from the report. Trans Union included a letter generally explaining that credit reports are used by lenders to determine the risk in granting a consumer a loan and are used in calculating credit scores.

In January of 2003, Enwonwu filed suit against defendants, Trans Union; Equifax; Winding River; Alan Armstrong, chief executive officer of Winding River; Joyce Weems, chief administrative officer of Winding River; and Howe, alleging multiple violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, et seq. He claimed that Trans Union violated the FCRA by failing to take reasonable steps to confirm the accuracy of information it published in his credit

3

report and by continuing to include the $6,639 judgment in his credit report after he disputed the accuracy of the information. He alleged that Equifax violated the FCRA by publishing inaccurate information in his credit report related to the garnishment filed in 2002. He alleged that Winding River and Howe violated the FCRA by accessing his credit report without his knowledge or consent in order to confirm that Equifax had published information related to the garnishment. Additionally, Enwonwu alleged that Trans Union and Equifax had committed libel in violation of Georgia law because their credit reports had portrayed him as unreliable to potential creditors. See O.C.G.A. § 51-5-1.

In March of 2003, Enwonwu filed a motion for partial summary judgment. Later, having already amended his complaint once with leave of court, Enwonwu filed a motion to further amend his complaint to assert additional claims against Trans Union and Equifax and to assert libel claims against Winding River, Armstrong, Weems, and Howe. He also filed motions to compel discovery, to impose sanctions, and to issue subpoenas to compel third party disclosures.

In a November 20, 2003 order, the district court denied Enwonwu's motion for partial summary judgment and dismissed all of his claims except for his claim against Trans Union under § 1681e(b). The court denied Enwonwu's motion for leave to further amend his complaint, concluding that an amendment would be

4

futile. The court granted the defendants' motion for stay of discovery and denied Enwonwu's motions to obtain subpoenas, compel discovery, and for sanctions. Pursuant to Fed. R. Civ. P. 54(b), Winding River, Weems, and Armstrong filed a motion, asking the court to enter final judgment in their favor. On January 27, 2004, the district court granted the motion for final judgment under Rule 54(b) and sua sponte entered final judgment with regard to all the other claims it dismissed in its November 20, 2003 order.

Trans Union filed a motion for summary judgment or, alternatively for sanctions. In an order entered on March 21, 2005, the district court granted Trans Union's motion for summary judgment, finding that Enwonwu had failed to produce evidence supporting his claim that Trans Union's inaccurate report had caused him harm. Enwonwu filed a motion for a new trial, asking the court to set aside the judgment in favor of Trans Union. Shortly thereafter, he filed a motion for reconsideration, seeking relief from the January 27, 2004 judgment and from the court's denial of his motion to further amend the complaint in the November 20, 2003 order. The district court construed Enwonwu's motion for new trial as a motion to reconsider under Fed. R. Civ. P. 60(b) because his case had never proceeded to trial. The court denied both motions in an order entered on June 6, 2005.

Enwonwu appealed from the district court's June 6, 2005 order, challenging not only that order but also three of the court's previous orders. In an order entered on October 4, 2005, this Court dismissed his appeal in part, stating that it lacked jurisdiction to review Enwonwu's challenges related to the district court's November 20, 2003 order and January 27, 2004 judgment because his notice of appeal, filed on June 30, 2005, was untimely to appeal those orders. See Fed. R. App. P. 4(a)(1)(A). We stated that his appeal could proceed as to his challenge to the March 21, 2005 order, granting Trans Union's motion for summary judgment on his § 1681e(b) claim, and as to his challenge to the June 6, 2005 order. As to the June 6 order, however, we ruled that the appeal would be limited to a determination of whether the district court had abused its discretion in denying Enwonwu's motions and would not extend to the validity of the underlying January 27, 2004 judgment.

On appeal, Enwonwu contends that the district court abused its discretion by denying his motions to further amend his complaint, compel discovery, and issue subpoenas, and by abridging discovery time to thirty days.[1] Enwonwu also contends that the district court erred in granting Trans Union's motion for

---

[1] In his reply brief, Enwonwu also challenges the district court's June 14, 2004 order, granting Trans Union's motion to compel discovery. Enwonwu did not present this argument in his initial brief. Accordingly, the issue is deemed waived. See Roger v. Noone, 704 F.2d 518, 520 n.1 (11th Cir. 1983).

6

summary judgment on his libel and §§ 1681(a)(1) and (6) claims against Trans Union, and in granting the defendants' motions for summary judgment on his claims against Equifax, Winding River, Weems, Armstrong, and Howe. These contentions relate to the district court's November 20, 2003 order. In our October 4, 2005 order, we dismissed for lack of jurisdiction the portion of Enwonwu's appeal challenging the district court's November 20, 2003 order. We therefore will not address those contentions.

Enwonwu contends that the district court erred in granting summary judgment in favor of Trans Union on his § 1681e(b) claim. This challenge relates to the district court's March 21, 2005 order, which we have jurisdiction to review. Enwonwu argues that Trans Union admitted reporting incorrect information in his credit report and that there is a presumption that entities that obtained his credit report used it to evaluate his credit applications.

We review a district court's grant of a motion for summary judgment de novo. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). Summary judgment is proper if the pleadings, depositions, and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986) (quoting Fed. R. Civ. P. 56(c)) (internal

7

marks omitted). The evidence, and all inferences drawn from the facts, must be viewed in the light most favorable to the non-moving party. <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986).

Section 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). To establish a prima facie case of a violation of § 1681e(b), a consumer must present evidence that a credit reporting agency's report was inaccurate and was a causal factor in the denial of his credit application. <u>Cahlin v. Gen. Motors Acceptance Corp.</u>, 936 F.2d 1151, 1156, 1161 (11th Cir. 1991). The FCRA, however, "does not make reporting agencies strictly liable for all inaccuracies." <u>Id.</u> "The agency can escape liability if it establishes that an inaccurate report was generated by following reasonable procedures . . . ." <u>Id.</u>

Trans Union inaccurately reported that a judgment had been entered against Enwonwu for $6,639. However, the only evidence of causation offered by Enwonwu, other than his own allegations that Trans Union had caused him harm, was a letter from Trans Union indicating in general terms that potential creditors

use credit reports and credit scores in evaluating credit applications, and his own credit report reflecting that credit inquiries were made by potential creditors. This evidence may support an inference that Trans Union's report was considered in evaluating Enwonwu's credit applications, however it does not support an inference that the inaccurate information included in the report was the cause of his inability to obtain satisfactory financing in the three transactions given that there were several other negative entries in Enwonwu's credit report. Enwonwu has failed to present any evidence that those other negative entries were inaccurate, or that they would not have led to the same lending results even without Trans Union's error involving the $6,639 association dues matter. Because Enwonwu has not created a genuine issue of material fact that the inaccurate information reported by Trans Union caused him harm, he has failed to establish a prima facie case of a violation of § 1681e. Consequently, the district court did not err in granting Trans Union's motion for summary judgment on his § 1681e(b) claim.

Enwonwu contends that the district court erred in denying his Rule 60(b) motion for a new trial against Trans Union and motion for reconsideration of the district court's November 20, 2003 order and January 27, 2004 judgment. We review the denial of Rule 60(b) motions only for an abuse of discretion. Waddell v. Hendry County Sheriff's Office, 329 F.3d 1300, 1309 (11th Cir. 2003). Rule

60(b) provides that upon motion, a court may relieve a party of a final judgment for, among other things, mistake in the judgment and newly discovered evidence. Fed. R. Civ. P. 60(b). Additionally, Rule 60(b)(6) allows a court to grant relief from a judgment for "any other reason justifying relief." See Fed. R. Civ. P. 60(b)(6). However, "[f]ederal courts grant relief under Rule 60(b)(6) only for extraordinary circumstances." Frederick v. Kirby Tankships, Inc., 205 F.3d 1277, 1288 (11th Cir. 2000).

The district court did not abuse its discretion in denying Enwonwu's motion for a new trial against Trans Union, which the court had construed as a motion to reconsider the judgment in favor of Trans Union. The motion's grounds did not fit within any of the specific circumstances set out in Rule 60(b)(1)–(5), nor did they describe an extraordinary circumstance warranting relief under Rule 60(b)(6), see Frederick, 205 F.3d at 1288.

Similarly, the district court did not abuse its discretion in denying Enwonwu's motion for reconsideration. Enwonwu merely re-asserted the arguments he previously presented in support of his motion for partial summary judgment. His motion for reconsideration did not present an extraordinary circumstance warranting relief.

**AFFIRMED.**