453 So.2d 814 (1984)
John J. HOY, Petitioner,
v.
George FIRESTONE, Secretary of State of the State of Florida, Respondent.
No. 65598.
Supreme Court of Florida.
July 24, 1984.
*815 John J. Hoy, West Palm Beach, pro per.
Jim Smith, Atty. Gen., Mitchell D. Franks, Chief Trial Counsel and James W. Sloan, Asst. Atty. Gen., Tallahassee, for respondent.
Joseph W. Little, Gainesville, and Marshall R. Cassedy of McFarlain, Bobo, Sternstein, Wiley & Cassedy, Tallahassee, intervenor for Nath C. Doughtie.
McDONALD, Justice.
John Hoy petitions for a writ of mandamus directing the secretary of state to place Hoy's name on the September ballot for the 1984 nonpartisan judicial elections for a newly created circuit judgeship in the fifteenth judicial circuit. We have jurisdiction, article V, section 3(b)(8), Florida Constitution, but refuse to issue the writ.
Chapter 84-303, Laws of Florida, provides for additional judges in the second, fifth, sixth, eighth, ninth, tenth, eleventh, fifteenth, and twentieth judicial circuits and in Broward, Dade, Hillsborough, Indian River, Palm Beach, Pasco, and Seminole counties. Ch. 84-303, §§ 6, 7, Laws of Fla. Section 8 of chapter 84-303 provides that the new judges in all but the eighth and fifteenth circuits and Palm Beach County "shall be elected in the nonpartisan elections in 1984 and shall take office on the first Tuesday after the first Monday in January, 1985." The effective date for all of the act except section 8, which contains its own effective date, is October 1, 1984. Ch. 84-303, § 9, Laws of Fla.
The nonpartisan judicial elections are scheduled for September 4, 1984, with the qualifying period running from July 16 through July 20, 1984. Hoy, an elector of the State of Florida, a resident of Palm Beach County, and a member of The Florida Bar, tendered the qualifying papers and fees for the new judgeship in the fifteenth circuit on July 16. The elections division, however, refused to accept Hoy's papers and fees, being of the opinion that the office of additional judge for the fifteenth circuit was not to be filled by election. Hoy then brought his petition before this Court.
We agree with the secretary of state's office and hold that the legislature, when creating these offices, intended that the additional judicial offices in the eighth and fifteenth circuits and in Palm Beach County are to be filled by gubernatorial appointment rather than by election. We find no justification for this Court to interfere with that decision.
A vacancy in office occurs upon the creation of an office. Art. X, § 3, Fla. Const. Article V, section 11(b) of the Florida Constitution provides in part:
The governor shall fill each vacancy on a circuit court or on a county court by appointing for a term ending on the first Tuesday after the first Monday in January of the year following the next primary and general election, one of not fewer than three persons nominated by the appropriate judicial nominating commission.
Because the legislative enactment creating the new judicial offices in the eighth and fifteenth circuits and in Palm Beach County is effective on October 1, 1984, these offices will come into existence between the current year's primary and general elections. These offices, therefore, should be filled by appointment for terms to end in January 1987.
A similar result obtained in 1982 when the legislature enacted chapter 82-238, Laws of Florida. Sections 2 and 3 of that act created numerous new judgeships. Section 5, however, directed that the holders of three of the new offices be elected, to take office in January 1983. According to section 8, on the other hand, everything but those three offices became effective on *816 October 1, 1982.[*] Chapter 84-303 is exactly the same as chapter 82-238 in this respect, and we find that the currently complained-of act is a proper exercise of legislative power.
In support of his contention that the new judges in the eighth and fifteenth circuits and in Palm Beach County should be elected Hoy relies on Spector v. Glisson, 305 So.2d 777 (Fla. 1974), and Judicial Nominating Commission, Ninth Circuit v. Graham, 424 So.2d 10 (Fla. 1982). In Spector a justice of the Supreme Court resigned in February 1974, effective in January 1975. We held that the future vacancy created by this unconditional resignation should be filled through election from the 1974 ballot. In the more recent case deaths and resignation occasioned three judicial vacancies in the ninth circuit and Orange County which occurred before the September primary. The governor ordered special elections to refill these vacancies, but the ninth circuit's nominating commission sought a writ of mandamus directing filling of the offices by appointment. We held that the elections should be held.
In our opinion these two cases do not control the instant case. Both of them concerned refilling currently existing judicial offices. Here, however, we are dealing with entirely new judicial offices which do not even exist at this moment. In such instance it is the legislature's prerogative to say how such offices will initially be filled. We can find nothing which would deny the legislature the power to direct that some new judicial offices be filled through election while others be filled through appointment.
We therefore decline to issue the writ.
It is so ordered.
BOYD, C.J., and ADKINS, ALDERMAN, EHRLICH and SHAW, JJ., concur.
NO MOTION FOR REHEARING WILL BE ALLOWED.
NOTES
[*] Ch. 82-406, § 1, Laws of Fla., provided that 4 more of the new judgeships created by ch. 82-238 would be filled by election.