301 So.2d 4 (1974)
In re ADVISORY OPINION OF the GOVERNOR REQUEST OF SEPTEMBER 6, 1974.
No. 46147.
Supreme Court of Florida.
September 20, 1974.

*5 Case of Original Jurisdiction
PER CURIAM:

SUPREME COURT OF FLORIDA

TALLAHASSEE

32304

September 20, 1974
Honorable Reubin O'D. Askew
Governor, State of Florida
The Capitol
Tallahassee, Florida 32304
Dear Governor Askew:
We have the honor to acknowledge your communication of September 6, 1974, requesting our advice pursuant to Section 1(c), Article IV, Constitution of Florida, relating to certain executive powers and duties.
Omitting the formal parts, your letter reads as follows:
"By virtue of the provisions of Section 1(c), Article IV, Florida Constitution, 1968 Revision, and Rule 2.1(h), Florida Appellate Rules, I have the honor to request your written opinion as to the interpretation of a portion of the Florida Constitution affecting my executive powers and duties.
"I have recently received letters of resignation from two members of the judiciary: the Honorable Robert T. Mann, Chief Judge of the 2nd District Court of Appeal, and the Honorable Arthur E. Huttoe, Circuit Judge, Eleventh Judicial Circuit. The effective dates of both resignations cause questions concerning the proper manner of filling these prospective vacancies. I have not as yet accepted the resignations or filed them with the Secretary of State.
"The letter of resignation submitted by Judge Huttoe states that he wishes to resign effective October 1, 1974. Judge Mann is resigning his duties to accept appointment as a professor of law at the Spessard Holland Law Center. His letter of resignation states that he wishes to resign effective on the earliest date which will:
"(a) avoid the necessity of a special election, and
"(b) allow the appointment of his successor for a term ending in January, 1977.
"Article V, Section 11(a) provides that:
"`The governor shall fill each vacancy in judicial office by appointing for a term ending on the first Tuesday after the first Monday in January of the year following the next primary and general election, one of not fewer than three persons nominated by the appropriate judicial nominating commission. An election shall be held to fill that judicial office for the term of the office beginning at the end of the appointed term. The nominations shall be made within thirty days from the occurrence of a vacancy unless the period is extended *6 by the governor for a time not to exceed thirty days. The governor must make the appointment within sixty days after the nominations have been certified to him.'
"It is unclear whether `primary' as used in this section means a primary for the election of judges, which occurs on September 10 and will not occur until 1976, or whether it would be construed to include a primary for other offices, which will be held on October 1, 1974. In view of this question concerning Article V, I am in doubt concerning my duties and responsibility in regard to acceptance of these resignations and the manner of selection of successors. I have the honor, therefore, to request your written opinion on the following questions:
"1. What manner of selection should be utilized as a result of Judge Huttoe's resignation which contains an effective date of October 1, 1974?
"2. What is the earliest effective date at which Judge Mann may resign and avoid the necessity of a special election and allow for the appointment of a successor for a term ending January, 1977?
"If an election should be held to fill the vacancy created by Judge Huttoe's resignation, the process must begin as soon as possible. Additionally, Judge Mann's duties at the University of Florida begin this fall, and preparation for his classes is beginning. For these reasons, I would appreciate a prompt response to this request."
Upon receipt of your communication, an Interlocutory Order was entered, announcing that the questions propounded were answerable and soliciting the filing of briefs by interested parties.
The issue to be determined by your questions concerns your authority to appoint a judicial officer to a vacancy for a term ending in January, 1977. Article V, Section 11(a), quoted fully in paragraph three of your letter, provides in part:
"The governor shall fill each vacancy in judicial office by appointing for a term ending on the first Tuesday after the first Monday in January of the year following the next primary and general election, one of not fewer than three persons nominated by the appropriate judicial nominating commission... ." [Emphasis supplied]
The Constitution, in Article V, Section 10(a), left to the Legislature the task of determining the manner of judicial elections, partisan or nonpartisan, and the time at which they would be held. The Legislature responded by enacting Florida Statute Section 105.021 which provides:
"Judicial officers shall be elected on separate nonpartisan ballots at first and second nonpartisan elections. The first nonpartisan election shall be held at the time of the first primary election provided for by § 100.061. The second nonpartisan election shall be held at the time of the second primary election provided for by § 100.091."
Under the provisions of this statute, the first and second judicial elections for 1974 are September 10 and October 1.
To harmonize these two provisions, we construe the words "primary and general election," as used in Article V, Section 11, to mean the nonpartisan judicial election process as established by the Legislature.
It is clear that the present constitutional provision contemplates the utilization of the new appointive process to fill judicial vacancies until the next judicial election. We recognize that a vacancy does not occur until the date upon which the office actually becomes vacant. In re Advisory Opinion to the Governor, 117 Fla. 773, 777, 158 So. 441, 442 (1934), with the exception of those circumstances establishing artificial vacancies created by the resign-to-run law, In re Advisory Opinion *7 to the Governor, 239 So.2d 247 (Fla. 1970); In re Advisory Opinion to the Governor, 276 So.2d 25, 30 (Fla. 1973), and the circumstance which created the Mr. Justice Ervin vacancy, Spector v. Glisson, No. 45,893 (mandate entered August 2, 1974, with opinion to follow). In both of these exceptions the electorate had ample time to fill the vacancy in an appropriate election process, and the effective date of the vacancy coincided with the commencement of the terms of other judicial officers elected during the same elective process.
The timing of the vacancy created by the resignation of Judge Huttoe makes it impossible to practicably hold the election and allow ample time to afford the electorate an opportunity to fill the vacancy in the 1974 elections. This situation clearly does not fall in one of the excepted categories.
It is our opinion, under the related circumstances contained in your letter, that vacancies occurring after midnight, September 10, 1974, should be filled by the selection process set forth in the Constitution for a term expiring in January, 1977. Consequently, you may proceed under the nominating commission selection process prescribed in Article V, Section 11, to fill the vacancy created by Judge Huttoe's resignation effective October 1, 1974, until the first Tuesday after the first Monday in January, 1977. You may further proceed to accept the resignation of Judge Mann, effective immediately, and fill the vacancy in the aforementioned manner.
 Respectfully,
 James C. Adkins
 Chief Justice,
 B.K. Roberts
 Richard W. Ervin
 Joseph A. Boyd, Jr.
 David L. McCain
 Hal P. Dekle
 Ben F. Overton
 Justices.