BOYD, Justice,
dissenting.
Article V, section 11(b) of the Florida Constitution clearly provides that vacancies in the offices of circuit and county judge shall be filled through appointment by the governor. The Court today recognizes an exception to this clear constitutional provi *13 sion. This misinterpretation will give rise to serious and unnecessary complications for the judiciary. Not only is the governor constitutionally required to fill the vacancies by appointment, he also lacks any authority to call special elections to fill them. I therefore dissent.
Article V, section 11(b) and (c) provides:
(b) The governor shall fill each vacancy on a circuit court or on a county court by appointing for a term ending on the first Tuesday after the first Monday in January of the year following the next primary and general election, one of not fewer than three persons nominated by the appropriate judicial nominating commission. An election shall be held to fill that judicial office for the term of the office beginning at the end of the appointed term.
(c) The nominations shall be made within thirty days from the occurrence of a vacancy unless the period is extended by the governor for a time not to exceed thirty days. The governor shall make the appointment within sixty days after the nominations have been certified to him.
Article V, section 11 reflects a concern for the continuous and orderly functioning of the judiciary. The time limits set for the making of nominations and appointments emphasize the framers’ intent that interruptions due to vacancies be of the minimum possible duration. In keeping with this intent, this Court has allowed vacancies to be filled by election rather than by appointment only when “the effective date of the vacancy coincided with the commencement of the terms of other judicial officers elected during the same elective process.” In re Advisory Opinion to the Governor, 301 So.2d 4, 7 (Fla.1974). See Spector v. Glisson, 305 So.2d 777 (Fla.1974).
Here, of course, the vacancies are not scheduled to occur at the time of the commencement of the terms of other judicial officers and the above criterion is not met. The vacancies have already occurred and should have been filled as quickly as possible by the appointment process.
The effect of the Court’s decision today is to postpone the filling of the vacancies until January of 1983, by which time the judicial offices in question will have been vacant for five months. As the majority opinion acknowledges, even longer vacancies are possible under the Court’s interpretation.
The majority appears to be operating under the mistaken assumption that appointments made now to fill the vacancies would be to terms lasting only until January, 1983. The constitution provides that appointive terms will end on “the first Tuesday after the first Monday in January of the year following the next primary and general election.” Art. V, § 11(b), Fla. Const. The Court believes that “the next primary and general election” means the current elections of October and November, 1982. I believe that the language “next primary and general election” refers to the next election for which individuals can qualify as candidates in the normal course of events. Under my interpretation the next primary and general election will be the elections occurring in the fall of 1984. The constitutional language should not be construed to mean the fall, 1982 elections since at the time this case arose it was already too late for candidates to qualify for the current elections. Therefore I conclude that the appointments which can and should be made now will be for terms ending in January of 1985.
My construction of the words “next primary and general election” better serves the cause of continuity and avoidance of disruption in the judiciary. The appointment process fills vacancies more quickly and avoids the need for calling special elections. Construing the words to refer to the next general election after the forthcoming January ensures the availability of a regular election to fill the office after the term of the interim appointed judge.
Although the constitution provides that an “election shall be held to fill that judicial office for the term of the office beginning at the end of the appointed term,” art. V, § 11(b), it does not contemplate that the election be a special election. The legisla *14 ture has the authority to determine how elections of judicial officers are to be conducted. In re Advisory Opinion to the Governor, 301 So.2d 4 (Fla.1974). Statutory provisions pertaining to judicial elections are codified in chapter 105, Florida Statutes (1981). There is no provision in that chapter authorizing special elections of judges.
Special elections are provided for only by section 100.101, Florida Statutes (1981), which provides:
A special election or special primary election shall be held in the following cases:
(1) If no person has been elected at a general election to fill an office which was required to be filled by election at such general election.
(2) If a vacancy occurs in the office of state senator or member of the House of Representatives.
(3) If it shall be necessary to elect presidential electors, by reason of the offices of President and Vice President both having become vacant.
(4) If a vacancy occurs in the office of member of the House of Representatives of Congress from Florida.
(5) If a vacancy occurs in nomination. It is clear that this statute does not envision special elections for judges. Section 100.101 should be considered as in pari materia with section 100.141, which the governor and the secretary of state assert grants them the authority to hold special elections in this case. Section 100.141 only applies when a special election is required in order to fill a vacancy in elective office. Since there is no requirement, either in the constitution or in the statutes, that vacancies in judicial offices be filled by special election, section 100.141 is inapplicable.
The majority’s decision will have the effect of requiring special elections whenever judicial vacancies occur between the last day of the qualifying period for the regular elections and the date of the first primary. This holding may result in substantial and unnecessary public expenses in connection with special elections. For example, if a vacancy occurs one day before the first primary, under the majority’s decision, a special election would be required. Because sufficient time would have to be allowed for a qualifying period, it is conceivable that, unlike in the present case, it would be impossible to hold the special election on the same day as the second primary. The special election would have to be held on some other day causing additional expenses. Then there will be questions as to who will bear the additional expenses. The state is required to reimburse the counties for the expenses of special elections held pursuant to section 100.101. § 100.102, Fla.Stat. (1981). The statutes do not specify who is to bear the expenses of holding special elections of judges. I do not view this as an oversight, but rather as further evidence that there is no statutory or constitutional authority for special elections of judges.
Since the vacancies in this case occurred after the qualifying period for the current elections ended, I believe they should be filled by gubernatorial appointment in accordance with the clear language of article V, section 11(b), Florida Constitution. I therefore dissent to the majority decision requiring the vacancies to be filled by special election.