600 So.2d 460 (1992)
In re ADVISORY OPINION TO THE GOVERNOR (Judicial Vacancies).
No. 79694.
Supreme Court of Florida.
June 1, 1992.
*461 Lawton Chiles, Governor, Tallahassee, for petitioner.
 The Honorable Lawton Chiles
 Governor of the State of Florida
 The Capitol
 Tallahassee, Florida XXXXX-XXXX
Dear Governor Chiles:
We acknowledge your communication of April 14, 1992 requesting our advice pursuant to section 1(c), article IV of the Constitution of the State of Florida. We have disseminated to the press a report of your request and have sent copies of your request to the judicial nominating commissions of each judicial circuit, each appellate district, and the Supreme Court, inviting responses to your letter.
The essential facts and the questions posed in your letter are as follows:
The Honorable Richard S. Fuller, Circuit Judge for the Eleventh Circuit, resigned on March 3, 1992, the resignation to be effective July 31, 1992. I accepted Judge Fuller's resignation on March 10 and simultaneously notified the Judicial Nominating Commission, Eleventh Circuit of the vacancy. The filling of this vacancy or prospective vacancy raises questions with regard to the gubernatorial appointment power under Article V of the Florida Constitution which, in order to answer, would appear to require the resolution of two collateral issues.
The first such question involves the duty of a judicial nominating commission to provide nominations to me within 30 days from the "occurrence of a vacancy". Art. V, § 11(c), Fla. Const. Several judicial nominating commissions have taken the position that the term "vacancy" in this regard relates to an effective vacancy. For example, the Honorable Thomas M. Coker, Jr., Circuit Judge for the Seventeenth Circuit resigned on September 16, 1991, effective February 1, 1992. It is the view of the Judicial Nominating Commission, Seventeenth Circuit, that its nominations for Judge Coker's seat are not due until thirty days after February 1, 1992; a thirty-day extension was requested and granted, therefore I have not yet received nominations for this vacancy. The Honorable Royce Agner, Circuit Judge for the Third Circuit, resigned on February 3, 1992, effective April 20, *462 1992. We have not yet received the nominations from the Judicial Nominating Commission, Third Circuit, for Judge Agner's seat. However, the majority of nominating commissions provide nominations within 30 days of an actual vacancy. It is my understanding that for Judge Fuller's vacancy the Judicial Nominating Commission for the Eleventh Circuit will submit nominations within 60 days of the actual vacancy, the Governor having granted a 30-day extension.
* * * * * *
A second collateral question relates [to] whether three members of the Judicial Nominating Commission for the Eleventh Circuit, whose terms expire July 1, 1992, can vote on the nomination for Judge Fuller's vacancy.
* * * * * *
In view of these questions concerning Article V, I am in doubt concerning my duties and responsibilities regarding the appointment of judges. I have the honor, therefore, to request your written opinion on the following questions:
1. Is the submission of nominations for appointment to a judicial vacancy due to the Governor within 30 days of an actual vacancy rather than within 30 days of an effective vacancy?
2. Presuming the response to my first inquiry is in the affirmative, and presuming members of the nominating commission will not be required to hold over in office, does the Governor have the power and authority to appoint from nominations made by the Judicial Nominating Commission, Eleventh Circuit?
3. Presuming the response to my first inquiry is in the affirmative, do I have the power and authority to appoint a judge for the period of August 1, 1992 through the date the vacancy created by the resignation of Judge Fuller is filled by an elected judge, (January 5, 1993)?
As to the first question, you suggest that the answer should be that the nominating commissions' responsibility begins upon your acceptance of a letter of resignation. Before we respond we must decide whether article IV, section 1(c) allows us to answer this question because it is directed to the duties of someone other than yourself. We believe we can because the fulfillment of the nominating commissions' responsibilities is an integral part of your constitutional duty to fill vacancies in judicial offices. See In re Advisory Opinion, 276 So.2d 25 (Fla. 1973). Article V, section 11(a) requires that you appoint from a list supplied by a nominating commission, and, therefore, you cannot perform your duty until a nominating commission performs its duty.
Vacancies in office are to be avoided whenever possible. We are confident that the framers of article V intended that the nominating and appointment process would be conducted in such a way as to avoid or at least minimize the time that vacancies exist. Judges are encouraged to and do submit their resignations, to be effective in the future, at a time that permits the process to proceed in an orderly manner and keep the position filled.
In Spector v. Glisson, 305 So.2d 777 (Fla. 1974), this Court ruled that a vacancy in office occurred when Justice Ervin tendered his resignation in the summer of 1974 to be effective the following January, thus allowing an election to fill the vacancy.[1] The rationale of Spector applies to a situation where a sitting judge unequivocally resigns effective at a future date. When a letter of resignation to be effective at a later date is received and accepted by you, a vacancy in that office occurs and actuates the process to fill it. The duties of the appropriate nominating commission start and its list should be submitted within thirty days of your acceptance of the resignation unless extended an additional thirty days. The appointment shall be made within sixty days after receipt of the nominations.[2]
*463 Your second question asks whether three members of the Judicial Nominating Commission for the Eleventh Circuit, whose terms expire July 1, 1992, can vote on the nominees for Judge Fuller's vacancy. Our answer to the first question necessarily calls for an affirmative answer to this question as well. A nominating commission's job begins when you receive and accept a letter of resignation. Its task is to recommend three people, not to appoint, and is not affected by the date when the appointed judge begins to serve.[3]
Your last question asks whether you may appoint a person to fill Judge Fuller's vacancy for the period of August 1, 1992 through the date the vacancy created by the resignation of Judge Fuller is filled by an elected judge. In Judicial Nominating Commission, Ninth Circuit v. Graham, 424 So.2d 10 (Fla. 1982), we held that the Constitution mandates an election when sufficient time affords the electorate the opportunity to fill a judicial vacancy. In doing so we indicated that, because of practical problems, an interim appointment might be difficult to achieve, resulting in a circuit being deprived of a judge for up to six months. We did not intend to prohibit an interim appointment effective to the time an elected judge assumes office. Indeed, we had previously said in In re Advisory Opinion, 301 So.2d 4, 6 (Fla. 1974), that "[i]t is clear that the present constitutional provision contemplates the utilization of the new appointive process to fill judicial vacancies until the next judicial election."[4] We should have been more precise and directed appointments that would hold office until the date that the terms of those elected commence. Ample time exists for interested persons to qualify for this position in July for the 1992 election for a term to commence in January 1993. It is impracticable and therefore not necessary to hold a special election for the time between July 31 and the commencement of a regular term. Again, because no unreasonable vacancy should exist, it is your duty to appoint someone for the August 1, 1992 to January 5, 1993 time period if this can be accomplished.
 Respectfully,
 Leander J. Shaw, Chief Justice
 Ben F. Overton, Justice
 Parker Lee McDonald, Justice
 Rosemary Barkett, Justice
 Stephen H. Grimes, Justice
 Gerald Kogan, Justice
 Major B. Harding, Justice
NOTES
[1] Supreme Court judges and appellate court judges are no longer elected. Circuit judges are elected, even though in the minds of many their selection and retention should be similar to that of appellate judges.
[2] There seems to be a question whether the governor can make that appointment when the appointed judge will not start serving until after the governor's term ends. This is not involved in your question, and we do not answer it here.
[3] We disagree with the opinion of the Attorney General, 1990 Op. Att'y Gen. Fla. 094-94 (June 26, 1990).
[4] In re Advisory Opinion, 301 So.2d 4, 6 (Fla. 1974), also states: "We recognize that a vacancy does not occur until the date upon which the office actually becomes vacant." Spector v. Glisson, 305 So.2d 777 (Fla. 1974), nullified this statement.