The Honorable Jeb Bush
Governor, State of Florida
The Capitol
Tallahassee, Florida 32399
Dear Governor Bush:
By letter dated April 19, 2006, you requested our opinion on two questions of constitutional interpretation involving your executive powers and duties. This request and our response are pursuant to article IV, section (l)(c) of the Florida Constitution.[1] One question involves a judicial vacancy created by the resignation of a circuit court judge. The other question pertains to a vacancy created by the intended resignation of a county sheriff. Upon receipt of your letter, we issued an order allowing interested parties to file briefs on an expedited basis.[2] We address your questions regarding the judicial vacancy and sheriff vacancy separately below.
JUDICIAL VACANCY
You state in your letter that Judge Gene R. Stephenson, who is serving a term that expires on January 2, 2007, tendered his resignation on April 5, 2006, with a future effective date of May 31, 2006. You accepted his resignation on April 14, 2006.
Because Judge Stephenson’s seat would have been up for election this year had he not tendered his resignation, the Department of State sent out the statutory notice of general election for this vacancy on April 12, 2006. The qualifying period for this seat is from May 8, 2006, through May 12, 2006. See § 105.031(1), Fla. Stat. (2005) (“Candidates for judicial office shall qualify no earlier than noon of the 120th day, and no later than noon of the 116th day, before the primary election.”). Your question is whether Judge Stephenson’s seat should be filled by appointment or election. We are of the opinion that this vacancy should be filled by appointment.
Under article V, section 11(b) of the Florida Constitution the Governor is required to
fill each vacancy on a circuit court or on a county court, wherein the judges are elected by a majority vote of the electors, by appointing for a term ending on the first Tuesday after the first Monday in January of the year following the next primary and general election occurring at least one year after the date of appointment....
*1220 Article X, section 3 of the Florida Constitution addresses when a vacancy occurs and provides:
Vacancy in office shall occur upon the creation of an office, upon the death, removal from office, or resignation of the incumbent or the incumbent’s succession to another office, unexplained absence for sixty consecutive days, or failure to maintain the residence required when elected or appointed, and upon failure of one elected or appointed to office to qualify within thirty days from the commencement of the term.
(Emphasis supplied.) Under our precedent, a judicial vacancy occurs when a letter of resignation is received and accepted by the Governor. See In re Advisory Opinion to the Governor (Judicial Vacancies), 600 So.2d 460, 462 (Fla.1992) (“When a letter of resignation to be effective at a later date is received and accepted by you, a vacancy in that office occurs and actuates the process to fill it.”).
In our most recent advisory opinion to you, we opined that a judicial vacancy created by an immediate involuntary retirement after candidates had qualified for the judgeship should be filled by the election process. See Advisory Opinion to the Governor re Appointment or Election of Judges, 824 So.2d 132, 136 (Fla.2002). In that case, we framed the issue as “whether your constitutional authority and obligation to fill a vacancy pursuant to section 11(b) continues after the election process begins for the specific election of a circuit or county judge for the term which will begin in January after the impending election.” Id. at 135. We noted that there was a conflict between article V, section 11(b) and article V, section 10(b)(1), (2), and (3)(c), Florida Constitution, which expressly preserves the election process for circuit and county judges. See id. at 134-35. We then concluded that “the conflict must be resolved by a construction which gives effect to the clear will of the voters that circuit and county judges be selected by election.” Id. at 136. However, we emphasized that our opinion was “limited to the circumstances described in your letter, i.e., where a candidate or candidates have already qualified during the statutory qualifications period, one of whom will fill the position by election.” Id. We also distinguished Pincket v. Harris, 765 So.2d 284, 284-85 (Fla. 1st DCA 2000), in which the First District Court of Appeal concluded that gubernatorial appointment was appropriate when the sitting judge’s resignation letter was submitted and the effective date of the resignation occurred prior to the qualifying period. See Appointment or Election of Judges, 824 So.2d at 136 n. 9
The circumstances in this case are more akin to those presented in Pincket than those presented in Appointment or Election of Judges. Although Judge Stephenson’s resignation is not effective until May 31, 2006, under our prior case law, a vacancy occurred when you received and accepted Judge Stephenson’s resignation on April 14, 2006. Because the qualifying period for Judge Stephenson’s seat has not commenced, under this Court’s decision in Appointment or Election of Judges the election process has not yet begun. Thus, we conclude that article V, section 11(b) controls over article V, section 10(b)(1), (2), and (3)(c), and the vacancy should be filled by appointment.
We are aware from the briefs filed by attorneys Eskin and Holt that even though the qualifying period for Judge Stephenson’s seat has not yet begun, several candidates have stated their intent to run, and at least one candidate has actively pursued qualification through the petition process under section 99.095, Florida Statutes (2005). The Constitution does not provide a perfect answer. However, we conclude *1221 that establishing the statutory qualifying period as the start of the election process is consistent with our precedent. Although this position will now be filled initially by appointment rather than election, the Governor’s appointment is for a limited term that concludes “on the first Tuesday after the first Monday in January of the year following the next primary and general election occurring at least one year after the date of appointment.” Art. V, § 11(b), Fla. Const. Accordingly, there will be an opportunity to fill this seat by election in 2008.
SHERIFF VACANCY
Your letter states that you were advised that the county sheriff, whose term expires on January 6, 2009, will tender his resignation in May of 2006, effective in October 2006. As noted above, article X, section 3 of the Florida Constitution provides that a “[vjacancy in office shall occur upon the ... resignation of the incumbent.” Article TV, section (l)(f) of the Florida Constitution provides that
[wjhen not otherwise provided for in this constitution, the governor shall fill by appointment any vacancy in state or county office for the remainder of the term of an appointive office, and for the remainder of the term of an elective office if less than twenty-eight months, otherwise until the first Tuesday after the first Monday following the next general election.
(Emphasis supplied.) Under this constitutional provision, you have the authority to fill by appointment the anticipated vacancy in the sheriffs office either for the “remainder of the term ... if less than twenty-eight months” or “until the first Tuesday after the first Monday following the next general election.” In other words, when a vacancy occurs in the sheriffs office your appointment will be effective either until January 6, 2009, or December 12, 2006.
You ask when the vacancy arises so that you may discern the appropriate date from which to calculate the “remainder of the term” under this provision — the date the resignation is tendered or the effective date of the resignation? In posing this question, you refer to conflicting statements in our opinions addressing judicial vacancies. You note that we have stated both that “a vacancy does not occur until the date upon which the office actually becomes vacant,” In re Advisory Opinion of the Governor Request of September 6, 1974, 301 So.2d 4, 6 (Fla.1974), and that a vacancy occurs “[wjhen a letter of resignation to be effective at a later date is received and accepted by you.” Judicial Vacancies, 600 So.2d at 462.
In Judicial Vacancies, we acknowledged our prior statement that “a vacancy does not occur until the date upon which the office actually becomes vacant.” Id. at 463 n. 4 (quoting In re Advisory Opinion, 301 So.2d at 6). However, we explained that our decision in “Spector v. Glisson, 305 So.2d 777 (Fla.1974), nullified this statement.” Judicial Vacancies, 600 So.2d at 463 n. 4.[3] Accordingly, we are of the opinion that if the sheriff were to tender his resignation in May, a vacancy would occur at that time. Thus, the remainder of the term should be calculated from the date of the resignation letter, not its effective date.
*1222 This conclusion is consistent with the resign-to-run law. Under section 99.012(3)(a), Florida Statutes (2005), an officer cannot qualify as a candidate for another elected office without resigning from the office he or she currently holds. The resignation must be irrevocable and must be submitted “at least 10 days prior to the first day of qualifying for the office he or she intends to seek.” § 99.012(S)(b)-(c), Fla. Stat. (2005). The effective date of the resignation can be in futuro but must be “no later than the earlier of following dates: 1. the date the officer would take office, if elected, or 2. the date the officer’s successor is required to take office.” § 99.012(3)(d), Fla. Stat. (2005).
The qualifying dates for federal, judicial, state attorney, and public defender positions are generally in May of the election year,[4] while the qualifying dates for statewide, multicounty, county, and district positions are generally in July of the election year.[5] In either case, if the officer is seeking to qualify as a candidate for another office in an election year other than the election year in which the officer’s current position is up for election, the officer’s resignation will necessarily be submitted prior to the qualifying date, thereby creating a vacancy that is greater than twenty-eight months.[6] Section 99.012(3)(f)(l), Florida Statutes (2005), recognizes this by providing that “[w]ith regard to an elective office, the resignation creates a vacancy in office to be filled by election.”
CONCLUSION
We answer your question about the resignation of Judge Stephenson by stating that it is our opinion that this vacancy should be filled by appointment. We answer your question about the impending resignation of the county sheriff by stating that it is our opinion that the “remainder of the term” should be calculated from the date the resignation is tendered.
Respectfully,
/s/ Barbara J. Pariente
Barbara J. Pariente
/s/ Charles T. Wells
Charles T. Wells
/s/ Harry Lee Anstead
Harry Lee Anstead
/s/ R. Fred Lewis
R. Fred Lewis
/s/ Peggy A. Quince
Peggy A. Quince
/s/ Raoul G. Cantero, III
Raoul G. Cantero, III
/s/ Kenneth B. Bell
Kenneth B. Bell

. Article IV, section (l)(c) provides in full:
The governor may request in writing the opinion of the justices of the supreme court as to the interpretation of any portion of this constitution upon any question affecting the governor's executive powers and duties. The justices shall, subject to their rules of procedure, permit interested persons to be heard on the questions presented and shall render their written opinion not earlier than ten days from the filing and docketing of the request, unless in their judgment the delay would cause public injury.

. We received a brief from the Florida Democratic Party on the issue of the sheriff's vacancy. We received briefs from Vickie Levy Eskin and Jack E. Holt, III, attorneys and candidates for judge, on the issue of the judicial vacancy.

. Even if our prior statements that a vacancy does not occur until the office is actually vacated were still valid, we have recognized that one exception to this rule is "those circumstances establishing artificial vacancies created by the resign-to-run law.” In re Advisory Opinion, 301 So.2d at 6. Although your letter does not identify the resigning sheriff, there is an indication that your request is in response to Alachua County Sheriff Steve Oel-rich’s stated intent to run for the State Senate this year.

. See §§ 99.061(1), 105.031(1), Fla. Stat. (2005) (stating that candidates for these offices may qualify after noon of the 120th day but no later than noon of the 116th day prior to the date of the primary election); see also Florida Department of State, Division of Elections, 2006 Dates to Remember 1, 3, available at http://election.dos. state.fl.us/ publications/index. shtml.

. See § 99.061(2), Fla. Stat. (2005) (stating that candidates for these offices may qualify after noon of the 50 th day but no later than noon of the 46th day prior to the date to the primary election); see also Florida Department of State, Division of Elections, 2006 Dates to Remember 1, 4 available at http://election.dos. state.fl.us/ publications/index. shtml.

.Assuming that your letter is referring to Sheriff Oelrich, the sheriff must tender an irrevocable resignation no later than July 7, 2006 (ten days prior to the first day of qualifying for a Senate seat). Thus, even if Sheriff Oelrich were to tender his resignation on the last possible day (rather than in May), the remainder of the term would still be greater than twenty-eight months.