PER CURIAM.
 

 By letter dated June 21, 2010, Governor Charlie Crist requested our opinion on a question of constitutional interpretation involving his executive powers and duties with regard to a judicial vacancy in the Escambia County Court. This request and our response are made pursuant to article IV, section (l)(c) of the Florida Constitution.
 

 Governor Crist’s letter states as follows:
 

 By letter dated May 24, 2010, Judge David B. Ackerman, formerly a county court judge on the Escambia County Court, submitted a letter of resignation to my office. I accepted Judge Acker-man’s resignation on May 28, 2010.
 

 Prior to his resignation, Judge Acker-man’s term of office was scheduled to expire on January 3, 2011. The new term, commencing on January 4, 2011, is scheduled to be filled by regular election this year. Pursuant to section 105.031, Florida Statutes, the time for qualifying to run for this seat began at noon on April 26, 2010, and ended at noon on April 30, 2010. Judge Ackerman submitted qualifying papers on April 28,
 
 *796
 
 2010. No other candidate qualified during the qualifying period.
 

 There will be an actual vacancy on the Escambia County Court for a period of at least seven months if the vacancy resulting from Judge Ackerman’s resignation is to be filled by election. As a result of his qualifying unopposed, Judge Ackerman will be deemed elected for a new term commencing January 4, 2011, pursuant to section 105.051(l)(a), Florida Statutes. However, I have been informed that Judge Ackerman does not intend to resume his judicial duties until February 1, 2011.
 

 [[Image here]]
 

 In previous advisory opinions, the Justices of this Court have opined that the Governor’s power of appointment outlined in [article V, section 11(b) of the Florida Constitution] yields to the election process, with respect to contested seats, at the commencement of the qualifying period. The primary rationale for that exclusion has been the Justices’ view that tension exists between Article V, section 11(b) and Article V, section 10(b)(1) and 10(b)(2), which state that the election of circuit court and county court judges “shall be preserved,” absent referendum of the voters to adopt retention elections as a local option.... The Justices have never addressed this tension in circumstances such as those presented here, where an incumbent judge resigns following an uncontested qualifying period.
 

 [[Image here]]
 

 In light of the foregoing, I respectfully request an opinion of the Justices of the Supreme Court as to whether the Governor’s constitutional responsibility to fill vacancies on circuit and county courts by appointment exists when a vacancy on such a court occurs after the conclusion of a qualifying period in which no candidates other than the incumbent judge have qualified for election.
 

 Letter from Governor Charlie Crist to Chief Justice Peggy A. Quince dated June 21, 2010 at 1-3. On June 22, 2010, this Court issued an order permitting all interested parties to file briefs on an expedited basis. Governor Crist, three of the individuals nominated by the First Circuit Judicial Nominating Commission to fill the judicial vacancy, and Judge Ackerman filed briefs.
 

 ANALYSIS
 

 Florida Constitution article X, section 3, states that a “[v]acancy in office shall occur upon the creation of an office, upon the death, removal from office, or resignation of the incumbent or the incumbent’s succession to another office, unexplained absence for sixty consecutive days, or failure to maintain the residence required when elected or appointed, and upon failure of one elected or appointed to office to qualify within thirty days from the commencement of the term.” Here, a vacancy was created on May 28, 2010, when Governor Crist accepted Judge Ackerman’s resignation.
 

 As we explained in
 
 Advisory Opinion to Governor re Appointment or Election of Judges,
 
 983 So.2d 526, 528 (Fla.2008)
 
 (Appointment or Election of Judges
 
 2008), the Florida Constitution contains two provisions that regard the filling of judicial vacancies. Article V, section 11(b), provides that “[t]he governor shall fill each vacancy on a circuit court or on a county court, wherein the judges are elected by a majority vote of the electors, by appointing for a term ending on the first Tuesday after the first Monday in January of the year following the next primary and general election occurring at least one year after the date of appointment, one of not fewer than three persons nor more than six per
 
 *797
 
 sons nominated by the appropriate judicial nominating commission.” Article V, section 10(b)(l)-(2), states that the election of circuit and county court judges “shall be preserved ... unless a majority of those voting in the jurisdiction of that circuit approves a local option to select circuit judges by merit selection and retention rather than by election.”
 

 We have interpreted the interplay between article V, section 11(b), and article V, section 10(b), by holding that when a vacancy occurs in the county or circuit courts before the qualifying period for the seat commences, the vacancy should be filled by appointment, but once the election process begins, such a vacancy should be filled by election.
 
 Advisory Opinion to Governor re Sheriff & Judicial Vacancies Due to Resignations,
 
 928 So.2d 1218, 1220 (Fla.2006)
 
 (Sheriff & Judicial
 
 Vacancies);
 
 Appointment or Election of Judges 2008,
 
 988 So.2d at 528. In order to promote consistency in the process of filling judicial vacancies, we identified the beginning of the statutory qualifying period as a fixed point to mark the commencement of the election process.
 
 Appointment or Election of Judges 2008,
 
 983 So.2d at 529.
 

 Here, the election process began on April 26, 2010, and Judge Ackerman alone qualified for election. Because Judge Ack-erman’s candidacy was uncontested, pursuant to section 105.051, Florida Statutes (2009), he was deemed elected to serve as a judge on the Escambia County Court for the term beginning January 4, 2011. Thus, this particular election process ended on April 30, 2010, when the qualifying period ended, and no individual other than Judge Ackerman can now fill the vacancy by election.
 

 The circumstances here stand apart from the circumstances we have previously addressed.
 
 See Appointment or Election of Judges,
 
 983 So.2d at 530 (holding that a vacancy created
 
 “during a qualifying period
 
 in which any candidate qualifies for the judicial office is to be filled
 
 by election”
 
 where the vacancy arose due to the involuntary retirement of a county court judge during the qualifying period);
 
 In re Advisory Opinion to Governor re Appointment or Election of Judges,
 
 824 So.2d 132, 135—36 (Fla.2002) (holding that a vacancy created when a judge involuntarily retired after the conclusion of the qualifying period — in which the incumbent judge did not qualify for election but three other candidates did qualify — was to be filled by election);
 
 Sheriff & Judicial Vacancies,
 
 928 So.2d at 1220 (holding that vacancy occurred when the Governor accepted the resignation of a circuit court judge on April 14, 2006, and that because the vacancy was created before the qualifying period commenced on May 8, 2006, the position was to be filled by appointment).
 

 Here, an incumbent office holder resigned
 
 after
 
 the election process had effectively
 
 concluded.
 
 A vacancy was thus created at a time when the election process had ceased. There is no issue here with regard to preserving the right of the people to elect county court judges. Instead, the issue is whether an incumbent judge who had been reelected without opposition may then retire from office and leave a judgeship vacant for an extended period before resuming the duties of the office when it is convenient for him to do so.
 

 The consideration that must predominate here is the right of the people of Escambia County to the services of a county judge when the incumbent has presented himself to the people for reelection but then has laid aside the duties of his office.
 
 Cf. In re Advisory Opinion to the Governor (Judicial Vacancies),
 
 600 So.2d 460, 462 (Fla.1992) (“Vacancies in office are to be avoided whenever possible. We are confident that the framers of article V
 
 *798
 
 intended that the nominating and appointment process would be conducted in such a way as to avoid or at least minimize the time that vacancies exist. Judges are encouraged to and do submit their resignations ... at a time that permits the process to proceed in an orderly manner and keep the position filled.”). A judgeship is not an office that may be temporarily forsaken at will for personal benefit. When a vacancy arises from such circumstances, the Governor may properly fill the vacancy by appointment pursuant to article V, section 11(b).
 

 We are therefore of the opinion that the vacancy created by Judge Ackerman’s retirement should be filled by gubernatorial appointment. Under these circumstances, the appointment process will avoid an extended vacancy in the Escambia County Courts and will allow the voters to exercise their will regarding the judicial seat in the 2012 general election.
 

 CONCLUSION
 

 We answer Governor Crist’s question about the resignation of Judge Ackerman by stating that it is our opinion that this vacancy should be filled by appointment.
 

 It is so ordered.
 

 CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.