DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

JAMES T. GOLDEN,

Appellant,

v.

JAMES SATCHER, in his official capacity as
Manatee County Supervisor of Elections,

Appellee.

No. 2D2024-1593
_____

August 9, 2024

Appeal from the Circuit Court for Manatee County; D. Ryan Felix, Judge.

Nicholas L.V. Warren, Jacksonville; Benjamin F. Diamond and Marguerite Mills of The Diamond Law Firm, P.A., St. Petersburg, for Appellant.

Andy Bardos of GrayRobinson, P.A., Tallahassee, for Appellee.

PER CURIAM.

James T. Golden seeks review of the circuit court order dismissing with prejudice his petition for writ of mandamus.[1]  We affirm.

On May 30, 2024, Richard Tatem, the incumbent school board member for District Five of the Manatee County School Board, submitted a letter of resignation because he is running for a seat in the Florida

_____

[1] We have jurisdiction.  *See Mazer v. Orange County*, 811 So. 2d 857, 858 (Fla. 5th DCA 2002) ("Appellate courts have generally allowed direct review of an order dismissing a petition for writ of mandamus.").

House of Representatives.[2]  The letter provided that his resignation is effective November 5, 2024, the same day he will assume office if elected to the House.  Absent his resignation, Tatem's term would have ended in November 2026.

Golden intends to run for Tatem's seat.  Upon learning that Tatem submitted his letter of resignation, Golden visited the Manatee County Supervisor of Elections' office with the intent to submit qualifying paperwork for the 2024 election.  The Supervisor refused to accept the paperwork on the basis that no election was being held to fill the District Five School Board vacancy.

Golden filed a petition for writ of mandamus in the circuit court seeking to compel the Supervisor to hold an election to fill the District Five School Board vacancy.  The circuit court summarily dismissed the petition with prejudice, reasoning that under the Florida Constitution and section 99.012, Florida Statutes (2024)—the "resign-to-run" law—an election was not required because the vacancy created by Tatem's resignation would be filled by gubernatorial appointment until the November 2026 election.

"In order to be entitled to a writ of mandamus the petitioner must have a clear legal right to the requested relief, the respondent must have an indisputable legal duty to perform the requested action, and the petitioner must have no other adequate remedy available." *Villa Bellini*

---

[2] Tatem is required to resign his school board position to qualify to run for the legislature.  *See* § 99.012(3)(a), Fla. Stat. (2024) ("No officer may qualify as a candidate for another state, district, county, or municipal public office if the terms or any part thereof run concurrently with each other without resigning from the office he or she presently holds.").

*Ristorante & Lounge, Inc. v. Mancini*, 283 So. 3d 972, 976–77 (Fla. 2d DCA 2019) (quoting *Huffman v. State*, 813 So. 2d 10, 11 (Fla. 2000)).

Unless the constitution elsewhere provides otherwise, the length of "the remainder of the term" of an elective county office dictates how a vacancy in that office must be filled. Art. IV, § 1(f), Fla. Const. If the remainder of the term of office for an elective office is less than twenty-eight months, the vacancy must be filled by gubernatorial appointment for the remainder of the term. *Id.* If the remainder of the term of elective office is not less than twenty-eight months, the governor must still appoint a successor, but that successor only serves "until the first Tuesday after the first Monday following the next general election." *Id.* The office is thereafter filled by election. § 100.111(1)(a), Fla. Stat. (2024) ("If any vacancy occurs in any office which is required to be filled pursuant to s. 1(f), Art. IV of the State Constitution and the remainder of the term of such office is 28 months or longer, then at the next general election a person shall be elected to fill the unexpired portion of such term, commencing on the first Tuesday after the first Monday following such general election.").

This appeal asks us to decide whether "the remainder of the term" of office should be calculated from the date on which a resignation is tendered or the date on which it is effective. If calculated from the date on which Tatem tendered his resignation, i.e., submitted his resignation letter, the Supervisor would be constitutionally required to hold an election to fill the vacancy. If, however, the remainder of the term of office is calculated from the effective date of Tatem's resignation, the Governor would be constitutionally required to appoint a successor to serve until the November 2026 election.

Article X, section 3, provides:

> Vacancy in office shall occur upon the creation of an office, upon the death, removal from office, or *resignation of the incumbent* or the incumbent's succession to another office, unexplained absence for sixty consecutive days, or failure to maintain the residence required when elected or appointed, and upon failure of one elected or appointed to office to qualify within thirty days from the commencement of the term.

(Emphasis added.) The constitution is silent as to whether a vacancy "upon . . . resignation of the incumbent" occurs on the date an incumbent's resignation is tendered or the date on which it is effective. The "resign-to-run" law, however, unequivocally provides that "[t]he office is deemed vacant *upon the effective date of the resignation* submitted by the official in his or her letter of resignation." § 99.012(3)(f) (emphasis added). Consistent with our reading of the plain language of this constitutional provision and this statute, *see Dep't of Revenue v. Bell*, 290 So. 3d 1060, 1062 (Fla. 2d DCA 2020); *Lewars v. State*, 277 So. 3d 143, 145 (Fla. 2d DCA 2017), *approved*, 259 So. 3d 793 (Fla. 2018), we hold that the remainder of the term of office should be calculated from the effective date of the resignation. Accordingly, the circuit court properly dismissed Golden's mandamus petition.

Golden argues that this court should ignore the plain language of section 99.012(3)(f). Instead, he insists, we should follow *Advisory Opinion to the Governor re Sheriff & Judicial Vacancies Due to Resignations*, 928 So. 2d 1218, 1222 (Fla. 2006), and calculate the remainder of the term from the date on which Tatem's resignation was tendered.

We conclude, however, that the advisory opinion is inapposite because the "resign-to-run" law has been materially amended since that opinion issued. At that time, the law distinguished between "elective

4

office[s]" and "elective charter county office[s] or elective municipal office[s]" and explicitly provided that *only the latter* were "deemed vacant upon the effective date of the resignation submitted by the official in his or her letter of resignation." § 99.012(3)(f)1, 2, Fla. Stat. (2005). But in that opinion, the supreme court addressed only the former, i.e., "elective office[s]." *See Sheriff & Jud. Vacancies*, 928 So. 2d at 1222 (quoting § 99.012(3)(f)1, Fla. Stat. (2005)). Now, however, the statute makes no such distinction; rather, it explicitly provides, as to all offices falling within its ambit, that "[t]he office is deemed vacant upon the effective date of the resignation submitted by the official in his or her letter of resignation." § 99.012(3)(f), Fla. Stat. (2024).

By enacting the current version of section 99.012(3)(f), the legislature has chosen specifically to define a vacancy under article X, section 3, as occurring upon the effective date of the incumbent official's resignation. Although article X, section 3, does not preclude Golden's definition, neither does it preclude the legislature's, and "[w]here a constitutional provision is susceptible to more than one meaning, the meaning adopted by the legislature is conclusive." *Vinales v. State*, 394 So. 2d 993, 994 (Fla. 1981); *see also Greater Loretta Imp. Ass'n v. State ex rel. Boone*, 234 So. 2d 665, 669 (Fla. 1970).

Accordingly, we affirm the circuit court's order dismissing Golden's petition for writ of mandamus.

Affirmed.

KELLY, ROTHSTEIN-YOUAKIM, and SMITH, JJ., Concur.

—————————————————————

Opinion subject to revision prior to official publication.

5